## STEININGER *vs.* WILLIAMS.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. A contract establishing the relation, of landlord and tenant for one year, though made before the year begins, may be in parol.
2. If within the statute of frauds, possession thereunder and payment of rent for two months would take the contract out of the operation of the statute.
3. The evidence is conflicting, but there is enough to support the verdict, and in such case this court will not control the discretion of the judge who tried the case and refused the new trial.

Contracts. Landlord and tenant. New trial. Before Judge WRIGHT. Decatur Superior Court. May Term, 1879.

Mrs. Williams sued out a distress warrant against Steininger. He filed a counter-affidavit. On the trial, the justice rendered judgment for the plaintiff. Defendant appealed. In the superior court, the jury found for the plaintiff $58.33 principal. Defendant moved for a new trial on the following, among other grounds:

1. Because the court held that the statute of frauds did not apply to this case, and refused to charge that unless the contract was made within the year in which it was to be performed, it was not binding.

2. Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.

FLEMING & RUSSELL; GURLEY & THOMAS, for plaintiff in error.

John E. Donalson; E. B. Bower, for defendant.

Jackson, Justice.

1. The contract for the rent of the place was made on the 25th of December, 1875, for the year 1876, and it is insisted that it is within the statute of frauds, and must be in writing. We think that the Code controls it now, whatever may have been the rule before, as laid down in 31 *Ga.*, 507; for section 2280 of the Code declares that "contracts creating the relation of landlord and tenant for any time, not exceeding one year, may be by parol."

2. Besides, Steininger was in possession under the contract two months, and paid rent thereon, according to plaintiff's evidence, and therefore the contract was executed. Code, §1951. It was part performance, and to break it would operate to the injury of plaintiff, depriving her of opportunity to rent. Code, §1951; 53 *Ga.*, 98; 55 *Ib.*, 198.

3. The main question was for the jury, and they have decided it. It is, was there actually a contract for rent, or a mere promise to contract at a future day? If the former, the remedy by distress is good; if the latter, there should have been a suit for damages for the deceit or failure to make the contract. In either event, the figure the defendant would make in a court of justice is not to be envied.

The jury found with the plaintiff's version of the contract, that the house was actually rented, there is evidence to support that finding, the judge who tried the case sustains it, and under our rule we sustain him.

Judgment affirmed.