HIGGINS v. GAGER.

Opinion delivered November 5, 1898.

1. STATUTE OF FRAUDS—PAROL LEASE of land for the term of one year, to commence at a date subsequent to the making of the contract, is valid under the statute of frauds (Sand. & H. Dig., § 3469, sub-div. 5). (Page 605.)

2. SAME—CONTRACT NOT TO BE PERFORMED WITHIN YEAR.—Where a parol lease of a saloon adjoining the lessor's hotel, to commence in the future and to continue for one year, stipulated that the lessor should not sell cigars during the lease, such stipulation is within the provision of the statute of frauds relating to contracts not to be performed within one year (Sand. & H. Dig., § 3469, sub-div. 6) ; and, the consideration being entire, the contract is not enforcible. (Page 607.)

Appeal from Craighead circuit court, Jonesboro district.

FELIX G. TAYLOR, Judge.

*E. F. Brown* and *N. F. Lamb*, for appellants.

An oral agreement for the lease of real estate for a year, to commence in the future, is invalid under the statute of frauds. Sand. & H. Dig., § 3469, sub-div. 5 and 6; 1 Ld. Raym. 736; Browne, Stat. Fr. § 33; 20 So. 77; 43 Minn. 166; 9 So. 164; 19 Mo. App. 66; 40 *ib*. 251; 45 *ib*. 401; 3 Pac. 573; 4 Cush. 42; 3 Atl. 800; 22 Ill. 248; 3 Mon. 247; 22 Kas. 436; 31 Ga. 507; 19 Ill. 576; 78 Ill. 125; 50 Ala. 411; Wood, Stat. of Fr. 45; Tayl. Landl. & Ten. § 30 and note. The agreement, so far as it relates to personal property, is not binding. Sand. & H. Dig., § 3469, sub-div. 6; Wood, Stat. Fr. § 269; Browne, Stat. Fr. § 282. The agreement in respect to keeping the door open is a contract for an easement, and is within the fourth section of the statute of frauds. Sand. & H. Dig., § 3469; 110 Ind. 117; 2 Met. 98; Wood, Stat. Fr. § 3, p. 5; Browne, Stat. Fr. 232; 54 Ark. 519. The consideration being entire, the contract must fail *in toto*. 22 Ark. 158; 30 Ark. 186; 52 Ark. 275; 63 Ark. 187; Browne, Stat. Fr. §§ 140–147 and cases; 2 Pars. Cont. 517–521; 6 Gray, 500; 6 Cush. 508; 37 Vt. 361; 13 Wend. 53; 23 N. E. 1018; 67 Ill. 469; 18 Ill. App. 62; 45

Pac. 102; 30 Pac. 1022; 59 Pa. St. 420; 56 Fed. 61; 35 S. W. 1053; 5 Metc. 452; 66 Pa. St. 351.

*S. R. Simpson* and *J. C. Hawthorne*, for appellee.

A parol lease for a year can be made to commence in the future. 5 N. Y. 465. In such a case the year begins with the lease, and not at the time of the contract. 8 N. Y. 115; 10 N. Y. 479; 64 N. Y. 518; 5 Lawson, Rights, Rem. & Pract. § 2325; 2 L. R. A. 847; 63 Ga. 475. The agreements as to selling cigars, etc., were only bargains made in connection with the occupancy of the rooms, and the sixth section of the statute of frauds does not apply. Wood, Stat. Fr. § 192–3, 215–16; 6 Gray, 500; 6 Cush. 508; 11 Metc. 411; 97 Mass. 208; 9 Gray, 168. The verdict of the jury is conclusive of this contion of appellant. The agreement to keep the door open was a license, and not an easement.

WOOD, J. Appellants, on the 15th day of December, 1893, entered into a contract with appellee, which is stated by appellee as follows: "We made a contract whereby defendants [appellants] were to pay me $55 per month, cash in advance, from January 1, 1894, during the entire year, for the use of the saloon room adjoining the hotel office of the Gager House, the small room back of the saloon room, one billiard table, one pool table, cues, racks, balls, wires for each, and other fixtures accompanying the same, and I was not to sell cigars in the hotel office, and was to leave the door between the hotel office and the saloon room open. The consideration was entire for all the property, and was not in any manner apportioned to the different items." Appellants failed to take the property. Appellees sued them, and they set up in defense the statute of frauds. Can appellee recover?

First. The provisions of the statute of frauds bearing upon the question are as follows: "No action shall be brought: * * * * *Fifth.* To charge any person upon any lease of lands, tenements or hereditaments for a longer term than one year. *Sixth.* To charge any person upon any contract, promise or agreement that is not to be performed within one year from the making thereof, unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and

signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized." Sand. & H. Dig., § 3469.

The fifth sub-division applies to the lease of lands only, while the sixth applies to all other contracts, promises, agreements, etc., than those appertaining to lands.

The sixth sub-division was not intended to apply to contracts concerning the lease of lands at all; for, if it applies to contracts concerning the lease of lands, as well as to all other contracts, then it is obvious that the fifth sub-division was wholly unnecessary. According to familiar canons of construction, we are not to conclude that different parts of a statute mean and include the same thing, when they are susceptible of different and independent meanings, and may embrace different subjects.

The fifth sub-division, read independently and consecutively with the qualification which properly concludes each of the sections, is as follows: "No action shall be brought to charge any person upon any lease of lands, tenements or hereditaments, for a longer term than one year, unless the contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized." When the section is thus read, as it should be, it is clear that leases for a shorter term than one year are not within the terms of the statute, and hence need not be in writing. It will be observed that the words "from the making thereof" are not used in the fifth sub-division. They were doubtless omitted for the very purpose of excepting from the purview of the statute verbal contracts to lease lands for one year or less, thus leaving such contracts valid, as they were at the common law, and thereby having the law to conform to what was the custom of the people of this state as to such contracts. At any rate, *ita lex scripta est*. The language of this (fifth) sub-division clearly has reference to the duration of the term from the time the tenant is to commence to occupy the premises, and not from the time the contract is made. There is not a word in the statute

to warrant the conclusion that "the time between the making of the lease and its commencement in possession" is to be taken as a part of the term granted by the lease.

Life is too short and time is too precious to review the many conflicting authorities, and to expatiate upon the vast and varied learning in the books upon this subject. The view we have expressed is supported by the better reason and the highest courts of several states. *McCroy* v. *Toney* (Miss.), 2 L. R. A. 847; *Steininger* v. *Williams*, 63 Ga. 475; *Young* v. *Dake*, 5 N. Y. 463; *Becar* v. *Flues*, 64 N. Y. 518; *Sobey* v. *Brisbee*, 20 Ia. 105; *Jones* v. *Marcy*, 49 *id.* 188; 2 Reed, Stat. Fr. § 813, *et seq.*, where the question is discussed, and authorities pro and con cited. The contract as to the lease of the rooms, had it stood alone, was good.

Second. What was the effect of the stipulation of the lessor not to sell cigars in the hotel office? This clearly came within the provisions of sub-division six, *supra*, prohibiting suit upon any contract, promise or agreement that is not to be performed within one year from the making thereof, unless in writing. The contract was made December 15, 1893. It was to commence the 1st of January, 1894, and to continue one year; so that the agreement to refrain from selling cigars was not to be performed within one year from the making thereof. In *Myer* v. *Roberts*, 46 Ark. 85, this court said: "But a contract for personal services to continue and hold the parties together for a longer period than one year is plainly within the statute. Thus, if at Christmas I orally hire a servant for a year, to begin from New Year's day, when he presents himself at the time appointed in fulfillment of that contract, I am not legally bound to receive him into my service. * * * Nor does it make any difference that the contract, if for more than a year, is subject to determination sooner on a given event." The object of the statute, says Pollock, C. B., in *Dobson* v. *Collis*, 1 Hurl. & Nor. 81, "was to prevent contracts not to be performed within the year from being vouched by parol evidence, when, at a future period, any question might arise as to their terms," and that a contract was not the less a contract not to be performed within a year because it might be put to an end within that period. The contract in *Myer* v. *Roberts*,

was for personal services, to do certain work, for a period longer than one year. The contract here was to refrain from doing a certain thing. Some of the courts have distinguished between an agreement to do a thing and an agreement not to do a thing, for a certain definite time, more than a year. Thus in *Doyle* v. *Dixon*, 97 Mass. 208, where the action was upon an oral agreement that defendant would not engage in a certain trade, at a certain place, for the term of five years, the court held that the agreement was not within the statute, because it was fully performed if the promisor performed it as long as he lived, and that the death of the promisor completed the agreement. We are unable to concur in that view. It is not proper to speak of a contract not to do a thing for a certain period, which is not to be performed within one year from the making of the contract, as fully performed if the promisor dies, after entering upon the performance of his contract, within the year from the time the contract was made. The contract in such event has been certainly terminated, but not performed or completed, within the contemplation of the parties at the time of making the contract. "Where the manifest intent and understanding of the parties, as gathered from the words used and the circumstances existing at the time, are that the contract shall not be executed within the year, the mere fact that it is possible that the thing to be done may be done within the year will not prevent the statute from applying. * * * It is not enough that the thing stipulated may be accomplished in a less time" by reason of the death of the promisor. The accomplishment of the thing agreed upon must be a performance of the contract according to the understanding of the parties. Browne, Stat. Fr. § 281; *Farwell* v. *Tillson*, 76 Me. 227; Wood, Stat. Fr. § 272.

We agree with the author (Mr. Browne) that the distinction between an agreement to do a thing and an agreement not to do a thing for a definite term of years is quite unsubstantial; for, as he says, "in each case the promisor undertakes that, during the stipulated term of years, he will submit to and observe a certain obligation, which the agreement imposes upon him; and in each case, and in the same way in each case,

his death only makes the performance of that obligation for the residue of the stipulated time impossible." Browne, Stat. Frauds, § 282 b.

The stipulation of Gager to refrain from selling cigars being within the statute of frauds, how does it affect the contract as a whole? The proof is uncontroverted that the agreement not to sell cigars was an item of the contract, and, in the language of some of the witnesses, a "valuable and substantial feature." Gager himself testified that the consideration was not in any manner apportioned to the different items. In other words, the contract was entire and indivisible. In view of this evidence, there would be nothing to justify a finding that the agreement to sell cigars was not a substantial part of the contract. The law is well settled that where the several stipulations are so interdependent that the parties cannot reasonably be considered to have contracted but with a view to the performance of the whole, or that where a distinct engagement as to any one stipulation cannot be fairly and reasonably extracted from the transaction, no recovery can be had upon such stipulation, however free from the statute of frauds it may be. Browne, Stat. Frauds, § 140.

The suit was upon the contract as a whole. Where the consideration is single and entire, the contract is entire (*Mc-Queeny* v. *Phœnix Ins. Co.*, 52 Ark. 275); and, of course, if one of the substantive stipulations is within the statute of frauds, the whole contract must fail. *Phœnix Ins. Co.* v. *Public Parks Amusement Co.*, 63 Ark. 187, and authorities cited in appellant's brief.

Inasmuch as this settles the controversy presented by this record, we deem it unnecessary to discuss the question raised as to the other items of the contract. The court erred in refusing requests for instructions which presented the view we have expressed.

Reversed and remanded.