[S. F. No. 1368.   Department One.—March 23, 1900.]

G. G. WICKSON, Appellant, v. MONARCH CYCLE MANU-
FACTURING COMPANY; Respondent.

STATUTE OF FRAUDS — AGREEMENT NOT TO BE PERFORMED WITHIN A
    YEAR—ORAL LEASE TO COMMENCE IN FUTURO.—An oral lease for one
    year to commence *in futuro* is void, under the first subdivision
    of section 1624 of the Civil Code, as being "an agreement that
    by its terms is not to be performed within a year from the
    making thereof." The statute of frauds applies, if the time
    from the making of the agreement to the end of its perform-
    ance exceeds a year never so little.

ID.—CONSTRUCTION OF STATUTE—ORAL LEASE FOR ONE YEAR.—The first
    and fifth subdivisions of section 1624 of the Civil Code are to
    be construed together, and as making an oral lease for one
    year from the time of making thereof valid, and as forbidding
    an oral lease which by its terms is to extend beyond one year
    from the date of the agreement, and cannot be fully performed
    by the defendant within a year from such date.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Edward A. Belcher, Judge.

The facts are stated in the opinion.

Daniel Titus, Louis Titus, and Bigelow & ·Titus, for Appellant.

The agreement was good at common law, and is good in this state unless invalidated by the statute.  (Civ. Code, sec. 1622.) In this state the provision for an oral lease for one year omits the words "from the making thereof," and an oral lease to commence *in futuro* is therefore valid.  The oral agreement not to be performed within one year, and the oral lease refer to different subjects, and the former never controlled the latter under the English statute of frauds, or generally in this country. (Reed on Statute of Frauds, secs. 814,  815; 8 Am. & Eng. Ency. of Law, 668; *Bolton v. Tomlin*, 5 Ad. & E. 856; *Wright v. Stavers*, 2 El. & E. 721; *Sears v. Smith*, 3 Colo. 287; *Young v. Dake*, 5 N. Y. 463; 55 Am. Dec. 356; *Becar v. Flues*, 64 N. Y. 518; *Bateman v. Maddox*, 86 Tex. 546; *McCroy v. Toney*, 66 Miss. 233; *Whiting v. Ohlert*, 52 Mich. 462; 50 Am. Rep. 265; *Sobey v. Brisbee*, 20 Iowa, 105; *Huffman v. Starks*, 31 Ind. 474; *Childers v. Talbott*, 4 N. Mex. 168; *Steininger v. Williams*, 63 Ga. 475.)

Chickering, Thomas & Gregory, for Respondent.

An agreement for a year's lease to commence *in futuro* is void as an agreement which by its terms is not to be performed within a year.  (Civ. Code, sec. 1024, subd. 1; 8 Am. & Eng. Ency. of Law, 686; *Wolf v. Dozer*, 22 Can. 436; *Olt v. Lohnas*, 19 Ill. 575; *Comstock v. Ward*, 22 Ill. 248; *Bain v. McDonald*, 111 Ala. 272; *Jellett v. Rhode*, 43 Minn. 167; *Delano v. Montague*, 4 Cush. 42; *Pulse v. Hamer*, 8 Or. 251; *White v. Holland*, 17 Or. 3; *Beiler v. Devol*, 40 Mo. App. 251; *Cook v. Redman*, 45 Mo. App. 397; *Atwood v. Norton*, 31 Ga. 507; *Roberts v. Tennell*, 3 T. B. Mon. 247.)  The parol agreement not to be performed within one year includes other contracts named in the statute, to which it can apply.  (Browne on Statute of Frauds, sec. 272;

*McKeany v. Black,* 117 Cal. 587; *Ullman v. Meyer,* 10 Fed. Rep. 241; *Derby v. Phelps,* 2 N. H. 515; *Nichols v. Weaver,* 7 Kan. 373.)

COOPER, C.—This is an appeal by plaintiff from a judgment in favor of defendant, and comes here on the judgment-roll and a bill of exceptions. It appears from the evidence offered by plaintiff that on the twenty-eighth day of December, 1895, plaintiff and defendant entered into a parol agreement, by the terms of which plaintiff agreed to let to defendant certain premises on Front street, in the city and county of San Francisco, for the term of one year from January 1, 1896, at the monthly rent of two hundred dollars per month, and ten per cent on all retail sales to be made by defendant. Defendant entered under the lease and paid the agreed rent for eight months of the term, when, without the consent of plaintiff, it vacated the premises and refused to pay further rent. At the close of plaintiff's testimony a nonsuit was granted on motion of defendant and judgment entered accordingly. The main question in the case is as to the validity of the parol agreement for a one year lease to commence *in futuro.* It is said by counsel that the question has never been decided in this state, and we are called upon to lay down the rule for the first time. The statute of 29 Charles II, chapter 3, which is the foundation of most of the provisions of the statutes of frauds of the several states, enacted that all leases, estates, or terms of years, or any uncertain interest in land, created by livery only, or by parol and not reduced to writing and signed by the party making the same, or his agent, should have no other force or effect than a mere estate at will; excepting leases for a term not exceeding three years, whereupon the rent reserved shall amount to two-thirds of the full improved value of the premises. Section 1624 of the Civil Code of this state provides: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: 1. An agreement that by its terms is not to be performed within a year from the making thereof; . . . . 5. An agreement for the leasing for a longer period than one year, or for the sale of real property, or for any interest therein."

We think the agreement in this case void under the express provisions of subdivision 1 of said section. The agreement was made December 28, 1895, and was not to be performed until January 1, 1897. This was more than one year "from the making thereof." It is true the time was only some three days more than a year after the contract was made, but we are not at liberty to extend it three days, nor any time beyond the year. If we could extend it three days, upon the same reasoning we could extend it three months or three years. It is said by Browne in his work on the Statute of Frauds: "It need only be added to what has been said that, if the time from the making of the agreement to the end of its performance exceeds a year never so little, the statute applies; for, in the language of Lord Ellenborough, 'if we were to hold that a case which extended one minute beyond the time pointed out by the statute did not fall within its prohibition, I do not see where we should stop, for in point of reason an excess of twenty years will equally not be within the act.' "

The contract could not possibly have been performed until one year from January 1, 1896, because the defendant had the full right under the contract, if valid, to the possession of the leased premises for all of the year 1896. Plaintiff could not have performed the contract until he had given defendant the possession for the full year.

It is argued by plaintiff that subdivision 5 of the section has the effect of making a lease for one year valid, no matter when it is to commence, and that said subdivision should govern regardless of subdivision 1. If this be the true construction of the statute the plaintiff, by parol, might have excuted to defendant a valid lease of the premises for three years by three separate parol leases, one to commence January 1, 1896, one January 1, 1897, and one January 1, 1898. This reasoning would apply to any number of years, or to any number of leases made to different individuals, provided they did not conflict in point of time. The two subdivisions are to be read and construed together, and, as so read, a parol lease is valid for one year, but must be for no longer than one year from the time it is made. If it be such a lease as by its terms is to be performed within the year from the making thereof, it is valid. This is

the construction of the English courts upon the original statute, 29 Charles II, in *Raulins v. Turner*, 1 Ld. Raym. 736, where it is said: "It was ruled by Holt, Chief Justice, at Lent assizes at Kingston, 1699, that such lease for three years of land as will be good without deed within the statute of 29 Charles II, chapter 3, section 2, must be for three years, to be computed from the time of the agreement, and not for three years to be computed from any day after." (*Hurley v. McDonnell*, 11 U. C. Q. B. 208; *Kaatz v. White*, 19 U. C. C. P. 36.) The same construction has been followed in most of the states. (Taylor on Landlord and Tenant, 8th ed., sec. 30, and notes; *Wolf v. Dozer*, 22 Kan. 436; *Pulse v. Hamer*, 8 Or. 251; *White v. Holland*, 17 Or. 4; *Olt v. Lohnas*, 19 Ill. 576; *Comstock v. Ward*, 22 Ill. 248; *Cooney v. Murray*, 45 Ill. App. 464; *Delano v. Montague*, 4 Cush. 44; *Chapman v. Gray*, 15 Mass. 443; *Jellett v. Rhode*, 43 Minn. 167; *Johnson v. Albertson*, 51 Minn. 335; *Engler v. Schneider*, 66 Minn. 388; *Bain v. McDonald*, 111 Ala. 272; *Beiler v. Devol*, 40 Mo. App. 254; *Cook v. Redman*, 45 Mo. App. 397; *Whiting v. Pittsburg Opera House Co.*, 88 Pa. St. 101; *Birckhead v. Cummings*, 33 N. J. L. 44, 51; Reed on Statute of Frauds, sec. 813.) The author in the work last cited says: "The question always is whether the interval from the making the agreement to the expiration of the lease is or is not more than three years."

The contrary doctrine has been held by the highest courts of some of the states, but upon examination it will be found that most of the decisions are upon statutes differing materially from ours. The case of *Young v. Dake*, 5 N. Y. 463, 55 Am. Dec. 356, is the leading case in favor of the contention claimed by plaintiff, and the case followed by the other New York decisions and in some of the decisions of other courts. In that case the court, after discussing sections 6 and 8 of the Revised Statutes of New York (2 Rev. Stats. 134), as the sections formerly existed, and as they existed at the time of the decision, held that the sections had been materially changed and the words "from the making thereof" omitted. In the opinion it is said: "The term three years, as proposed, was reduced in the enactment to one year, and the words 'from the making thereof' entirely omitted."

It was contended in that case that under section 2, subdivision 1, page 135, of volume 2 of the Revised Statutes, the lease was void because not to be performed within a year from the making thereof. But the court held that subdivision 1 of section 2 did not apply to a contract concerning lands. The language used is: "That provision of the statute is a part of title 2 of the statute to prevent frauds in conveyances and contracts; and the whole of that title and all its provisions has reference only to 'fraudulent conveyances and contracts relative to goods, chattels, and things in action.' It is very obvious that none of its provisions have any application to, or effect upon, contracts or agreements concerning lands, or interest in lands. The first title performs that office; the second title applies to contracts and transactions affecting personal property only." It is thus evident that the New York cases are not authority as to the construction of our statute.

The case of *Huffman v. Starks*, 31 Ind. 475, follows the construction of the supreme court of New York in *Young v. Dake*, *supra*, but under the Revised Statutes of Indiana of 1852, chapter 42, which stated: "5. That upon any agreement which is not to be performed within one year from the making thereof . . . . except under leases not exceeding the term of three years," it is obvious that leases are, under the Indiana statute, expressly excepted from the *infra annum* clause.

The case of *Steininger v. Williams*, 63 Ga. 475, was under section 2280 of the code of Georgia, which provides that "contracts creating the relation of landlord and tenant for any term not exceeding one year may be by parol."

It has been held in Colorado, Texas, Mississippi, and perhaps other states, that under statutes similar to ours a parol lease for the time named in the statute to commence *in futuro* is valid. But we think the decisions which so hold are contrary to the great weight of authority. The rule herein announced is in our opinion founded upon the better reason and is the correct interpretation of the two subdivisions of the section of the code. It is urged by plaintiff that the contract on the part of defendant was to be performed within a year from the making thereof; that the rent was all to be paid according to the terms of the lease on December 1, 1896; and that this takes the case

out of the statute. There is a sharp conflict in the authorities as to whether or not a contract that is to be wholly performed on one side within the year is within the inhibition of the statute. The view we take of this case renders it unnecessary to decide the question. The agreement as alleged in the complaint, and as proven, could not have been wholly performed by defendant within the year. The law imposed upon the defendant under the lease certain obligations. Among these obligations was that of using the premises in a reasonable and prudent manner and not to commit waste thereon, not to attorn to a stranger, and to surrender up the premises at the end of the term in as good condition as they were at the time of defendant's entry, reasonable wear and tear thereof excepted.

We advise that the judgment be affirmed.

Britt, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Garoutte, J., Van Dyke, J., Harrison, J.

Hearing in Bank denied.