TURNER v. TRAIL *et al.*

No. 146. Opinion Filed July 13, 1909.

(103 Pac. 575.)

1. FRAUDS, STATUTE OF—Lease Beginning in Future—Validity. Section 2305, Ind. T. Ann. St. 1899 (Mansf. Dig. Ark. sec. 3371) provides that: "No action shall be brought * * * Fifth. To charge any person upon any lease of lands * * * for a longer term than one year. Sixth. To charge any person upon any contract, promise or agreement that is not to be performed within one year from the making thereof, unless * * * in writing," etc. Held, that subdivision 6 applies' to contracts other than those relating to land only, since otherwise subdivision 5 was unnecessary.

2. SAME. Under section 2305, Ind. T. Ann. St. 1899 (Mansf. Dig. Ark. sec. 3371), subd. 5, providing that no action shall be brought on a parol lease of lands exceeding a year, a parol lease for one year to commence in the future is valid.

3.    **CONTRACTS—What Law Governs—Effect of Statehood.** A contract made in the Indian Territory prior to the admission of Oklahoma as a state, valid at the time and place where made, will not be affected by the change in the form of government incident to Oklahoma becoming a state.

(Syllabus by the Court.)

*Error from Wagoner County Court; W. T. Drake, Judge.*

Action by C. W Turner against John Trail and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Chas. Bagg,* for plaintiff in error, citing: *Wickson v. Monarch Cycle Mfg. Co.,* 128 Cal. 152, and cases therein cited.

*John L. Sponsler* and *W. O. Rittenhouse,* for defendants in error, citing: *Higgins et al. v. Gager,* 65 Ark. 604.

DUNN, J. This is an action of forcible detainer of 80 acres of land, brought by plaintiff in error as plaintiff in the court below, against the defendants in error, before a justice of the peace of Wagoner county. The bill of particulars alleges: That on the 6th day of February, 1907, plaintiff in error by a written contract leased the premises in controversy to the defendant Trail for the season of 1907; that at the expiration of defendant's term he and his codefendants, subtenants, refused to vacate the premises in controversy and continued to hold the same. The trial of the cause resulted in a judgment in favor of defendants, whereupon the cause was appealed to the county court of Wagoner county, and on a trial *de novo,* before the court without a jury, defendants again prevailed, and judgment was rendered in their favor on the 23d day of March, 1908, to reverse which a petition in error and case-made are lodged in this court.

The defendants on the trial relied upon a parol contract alleged to have been made in the latter part of October or the first of November, 1907, under which they claimed that plaintiff, by and through his agent, leased the land involved to them for a period of one year, to begin on the 1st day of January, 1908, and to end on the 31st day of December, 1908. At the conclusion of

the evidence, counsel for plaintiff requested the court to make the following declaration of law:

"The court declares the law in this case to be that a parol contract for the renting or leasing of lands for a period of one year, said contract to begin at a time subsequent to the making thereof, is within the statute of frauds and cannot be enforced, and that therefore the parol contract testified and relied upon by the defendants in this case, made prior to the 1st day of January, A. D. 1908, for the year 1908, is void and not enforceable."

This the court declined to do, and rendered judgment upon which defendant excepted, and herein is presented the sole question for our consideration.

The statute which obtained and controlled is section 2305, of the Annotated Statutes of 1899 of the Indian Territory (section 3371 of Mansfield's Digest of Arkansas), identical with Sand. & H. Dig. § 3469, of that state. The Supreme Court of Arkansas had occasion to pass upon the identical statute and question involved in the case at bar in the case of *Higgins et al. v. Gager*, 65 Ark. 604, 47 S. W. 848. The law as declared in that case in our judgment so completely and fully meets the proposition raised herein that we feel justified in quoting at length therefrom, as follows:

"The provisions of the statute of frauds bearing upon the question are as follows: 'No action shall be brought:  *  *  * Fifth. To charge any person upon any lease of lands, tenements or hereditaments for a longer term than one year. Sixth. To charge any person upon any contract, promise or agreement that is not to be performed within one year from the making thereof, unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized.' Sand. & H. Dig. 3469. The fifth subdivision applies to the lease of lands only, while the sixth applies to all other contracts, promises, agreements, etc., than those appertaining to lands. The sixth subdivision was not intended to apply to contracts concerning the lease of lands at all, for if it applies to contracts concerning the lease of lands, as well as to all other

contracts, then it is obvious that the fifth subdivision was wholly unnecessary. According to the familiar canons of construction, we are not to conclude that different parts of a statute mean and include the same thing, when they are susceptible of different and independent meanings, and may embrace different subjects. The fifth subdivision, read independently and constructively with the qualification which properly concludes each of the sections, is as follows: 'No action shall be brought to charge any person upon any lease of lands, tenements or hereditaments, for a longer term than one year, unless the contract upon which such action shall be brought, or some memorandum or note thereof shall be made in writing, and signed by the party to be charged therewith or signed by some other person by him thereunto properly authorized.' When the section is thus read, as it should be, it is clear that leases for a shorter term than one year are not within the terms of the statute, and hence need not be in writing. It will be observed that the words 'from the making thereof' are not used in the fifth subdivision. They were doubtless omitted for the very purpose of excepting from the purview of the statute verbal contracts to lease such lands for one year or less, thus leaving such contracts valid, as they were at the common law, and thereby having the law to conform to what was the custom of the people of that state, as to such contracts. At any rate, *'Ita lex scripta est.'* The language of this (fifth) subdivision clearly has reference to the duration of the term from the time the tenant is to commence to occupy the premises, and not from the time the contract is made. There is not a word in the statute to warrant the conclusion that 'the time between the making of the lease and its commencement in possession' is to be taken as a part of the term granted by the lease. Life is too short and time is too precious to revive the many conflicting authorities, and to expatiate upon the vast and varied learning in the books, upon this subject. The view we have expressed is supported by the better reason and the highest courts of several states. *McCoy v. Toney,* 66 Miss. 233, 5 South. 392, 2 L. R. A. 847; *Steininger v. Williams,* 63 Ga. 475; *Young v. Drake,* 5 N. Y. 463, 55 Am. Dec. 356; *Becar v. Flues,* 64 N. Y. 518; *Sobey v. Brisbee,* 20 Iowa, 105; *Jones v. Marcy,* 49 Iowa, 188; 2 Reed, St. Frauds, § 813 *et seq.,* where the question is discussed and authorities pro and con cited."

Section 813 of Reed on the Statute of Frauds says:

"As the English statute expressly limits parol leases to those

not exceeding three years *from the making thereof,* it has always been held that the three years must be computed from the date of the agreement."

And the same author, at section 814, says:

"The omission of the clause (*from the making thereof*) has generally been regarded as signifying that the number of years is to be considered solely with reference to the duration of the term."

This differentiation is noted by the court in the authority from which we have quoted, and in our judgment the distinction there drawn is entirely correct. This being the law at the time and place where the contract was made and was to be executed, it will obtain, notwithstanding the change in the form of government, even were the laws of Oklahoma different (a subject we do not consider or pass on) as section 1 of the Schedule to the Constitution provides that:

"No existing rights, * * * contracts or claims shall be affected by the change in the forms of government but all shall continue as if no change had taken place."

Hence, though the contract was made prior to the creation of the state of Oklahoma, and was to be performed entirely after the organization of state government, the rights of the parties thereto will in no wise be affected or disturbed by the change in the law followed. *Arie v. State,* 23 Okla. 166, 100 Pac. 23.

The disputed facts of the controversy were all settled by the trial court, as the conclusion to which it arrived is reasonably sustained and supported by evidence offered.

The judgment of the trial court is accordingly affirmed.

Hayes, Turner, and Williams, JJ., concur; Kane, C. J., absent and not sitting.