## SULLIVAN v. BRYANT.

No. 2971.   Opinion Filed November 4, 1913.

(136 Pac. 412.)

1. **FRAUDS, STATUTE OF**—Verbal Lease—Commencement of Term. Section 941, Rev. Laws 1910: ''Following contracts are invalid, unless the same   *   *   *   be in writing:   *   *   *   First.   An agreement that, by its terms, is not to be performed within a year from the making thereof.   *   *   *   Fifth.   An agreement for the leasing for a longer period than one year   *   *   *   of real property.   *   *   *''   Held, that subdivision 1 applies to agreements other than those relating to land, and subdivision 5 governs with reference to agreements concerning real estate, and, if such parol agreement is for the lease of real property for a longer period, term, or duration than one year, then it is within the statute of frauds; but, if such parol agreement is for the leasing of real property for the term, duration, or period of one year or less, it does not come within the statute of frauds, regardless of whether the term of lease commences in praesenti or in futuro.

2. **SAME.** A verbal lease of real estate for one year to commence in the future is valid.

(Syllabus by the Court.)

*Error from County Court, Cleveland County;*
*F. B. Swank, Judge.*

Action by Annie M. Sullivan against R. S. Bryant. Judgment for defendant, and plaintiff brings error. Affirmed.

*Hutchins & Burke,* for plaintiff in error.

*J. B. Dudley,* for defendant in error.

LOOFBOURROW, J. This is an action in forcible entry and detainer commenced in the justice of the peace court of Cleveland county, Okla., and appealed to the county court of that county, where a judgment was rendered in favor of the defendant, from which judgment plaintiff appeals to this court.

The sole question involved in this case is whether or not a verbal lease of real estate for one year, commencing *in futuro,* is within the statute of frauds.

The plaintiff assigns as error the giving of the following instruction:

"You are further instructed that a verbal lease of farming lands for one year, to commence in the future, is valid and binding, and, if you find from the evidence in this case that in July, 1910, the defendant made a verbal contract with the plaintiff, by and through John Sullivan, for the possession of said premises for the year 1911, for a share of the crop, then your verdict should be for the defendant."

The English statute of frauds, from which similar statutes have been enacted by the various states of the Union, was first introduced in Parliament at its first session in 1673; the same being St. 29 Car. II, c. 3. The statute itself is clear and explicit; but slight variances in the phraseology in the different state statutes, together with the varied conditions which may arise and call for an application of the same, have resulted in an irreconcilable conflict in the authorities. Our own statute is found practically *verbatim* in the statutes of California and Dakota; but the Supreme Courts of those states, in construing and applying the same, have arrived at conclusions directly in conflict upon the question involved in this case.

Counsel for plaintiff and defendant each cite a great many authorities in support of his contention.

The Oklahoma statute of frauds was adopted from Dakota by the Statutes of 1890, sec. 847 (section 780, Wilson's Rev. & Ann. St. 1903; section 1089, Comp. Laws 1909; section 941, Rev. Laws 1910), and is as follows:

"Statute of Frauds. The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: First. An agreement that, by its terms, is not to be performed within a year from the making thereof. * * * Fifth. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

Section 1236, Dak. (section 1087, Comp. Laws Okla. 1909; section 939, Rev. Laws 1910), provides:

."All contracts may be oral, except such as are specially required by statute to be in writing."

The case of *Paulton v. Kreiser*, 18 S. D. 487, 101 N. W. 46, reported in 5 Ann. Cas. 827, notes:

"In some jurisdictions a parol lease for one year to commence in the future is held void under a clause of the statute of frauds prohibiting oral agreements not to be performed within a year 'from the making thereof,' though a subsequent clause of the statute relating to leases omits the words 'from the making thereof'; the rule being that the time is computed from the making of the contract, and not from the commencement of the performance thereof"—citing Alabama, California, Illinois, Minnesota, and Oregon. "In other jurisdictions one year parol leases to commence in the future are held to be void, though the lease clause of the statute precedes the general agreement clause containing the words 'from the making thereof'"—citing Kentucky, Kansas, Florida, and Montana. "In Massachusetts there is no express provision as to leases for one year; but an oral lease to commence *in futuro* is held void under a clause of the statute relating to agreements not to be performed within one year from the making thereof."

The authorities holding that a parol lease for one year to commence in the future is valid, and not within the statute of frauds, where the words "from the making thereof" are omitted from the provision of the statute applying to leases, notwithstanding the statute contains another clause making void all agreements not to be performed within a year "from the making thereof," as in the Oklahoma statute, for the reason

that the latter clause has no application to contracts or agreements concerning real estate, are Arkansas, Colorado, Iowa, Michigan, Mississippi, New York, and Texas; the reason for the above rule being found in *Young v. Dake,* 5 N. Y. 463, 55 Am. Dec. 356, followed in many of the above cases:

"The time between the making of the lease and its commencement in possession is no part of the term granted by it. The term is that period which is granted for the lessee or tenant to occupy and have possession of the premises. It is the estate or interest which he has in the land itself by virtue of the lease from the time it vests in possession. When, therefore, our statute speaks of a lease for a period not longer than one year, * * * it has reference to the time for the tenant to possess and occupy the premises, and does not include any previous or intermediate time. A lease, therefore, for the term of one year may as well be made to commence at a future date, as at the date of making it."

In the Dakota case the court says:

"As section 1236 of the act expressly declares that 'all contracts may be oral except such as are specially required by statute to be in writing,' and the manifest purpose of subdivision 5, sec. 1238, was to remove from the operation of the invalidating provision leases which do not exceed a term of one year's duration, the interpolation of the phrase 'from the making thereof' would be wholly unwarranted, and contrary to the intention of the Legislature. Hence an essential requisite of an oral agreement for the leasing of land is that the duration of the specified term shall not exceed one year from the time the tenure is to begin, and that such a lease cannot be fully performed within one year from the time it was made and entered into by the parties has no tendency to render the same nugatory and void. Manifestly, the expression 'for a longer term than one year' relates to the duration of the term, and the omission of the phrase 'from the making thereof' shows an intention not to invalidate a parol lease of land for a term of one year to commence at a date subsequent to the making thereof."

Counsel for plaintiff in error lays particular stress upon the case of *Wickson v. Monarch Cycle Co.,* 128 Cal. 156, 60 Pac. 764, 79 Am. St. Rep. 36, and argues that, since the California statute of frauds is identical with the Oklahoma statute, the construction placed thereon by the California courts

should be followed in this jurisdiction. The court in that case held that:

"The two subdivisions (1 and 5) are to be read and construed together, and, as so read, a parol lease is valid for one year, but must be for no longer than one year from the time it is made."

The reasoning of the California court and other courts following that line does not appeal to us so strongly as that of the New York and Dakota courts and other courts supporting the latter decisions.

Legislative bodies should and, no doubt, do enact rules of action for the protection and benefit of the people they represent, and they have in mind the customs and usages of the people for whom they legislate, and it is a fact that, but for the confidence which men have in each other, business, as now conducted, would be impossible. Men, every day and in every section of this state, hold possession of real estate by parol lease, for one-year term; the agreement therefor being made before the term of lease begins to run. The doctrine that "a man's word is as good as his bond" is abroad in the land, and we do not believe the Legislature intended to enact a law that would render such leases void.

In the case of *Turner v. Trail et al.*, 24 Okla. 135, 103 Pac. 575, in an opinion by Justice Dunn, this court practically committed itself to the doctrine that such a lease is valid, although the writer of the opinion expressly states that he is not discussing this subject under the Oklahoma statute. In that case the statutes of Indian Territory and of Arkansas, which are substantially the same as the Oklahoma statute, were construed, and the court followed the case of *Higgins et al. v. Gager*, 65 Ark. 604, 47 S. W. 848, quoting at length therefrom, wherein appears the following language:

"According to the familiar canons of construction, we are not to conclude that different parts of a statute mean and include the same thing, when they are susceptible of different and independent meanings, and may embrace different subjects."

Following this rule of construction, subdivision 1, "an agreement that by its terms is not to be performed within a year

from the making thereof," refers to all contracts other than those embraced in subdivision 5, and subdivision 5 governs with reference to agreements concerning real estate, and, if such agreement is for the lease of real property for a longer period, term, or duration than one year, then it is within the statute of frauds; but, if such agreement is for the leasing of real property for the term, duration, or period of one year or less, it does not come within the statute, regardless of whether the term of lease commences *in praesenti* or *in futuro*. We therefore hold that the instruction was proper, and that the lease was valid.

The judgment of the trial court is affirmed.

All the Justices concur.