## JONES *et al.* v. BENNETT.

No. 3386.   Opinion Filed March 10, 1914.

Rehearing Denied April 28, 1914.

(140 Pac. 148.)

1.   **APPEAL AND ᴛᴛᴘᴘ,ᴠᴙ—Harmless Error—Ruling on Demurrer.**
Where a general demurrer is directed against a petition and overruled, whereupon the defendants file an answer, and thereafter, by leave of court, the plaintiff files an amended petition to conform to the proof, to the sufficiency of which no objection is made, the action of the court in overruling the demurrer to the original petition is not subject to review by the Supreme Court.

2.   **FRAUDS, STATUTE OF—Contract to Make Lease—Requisites.**
A contract to make a lease, even though the lease must be in writing in order to conform to the statute of frauds, need not be in writing.

3. **SAME—Parol Lease.** A parol lease of real property for the period of one year does not come within the statute of frauds (section 941, Rev. Laws 1910), regardless of whether the term of the lease commences in praesenti or in futuro.

4. **APPEAL AND ERROR—Harmless Error.** By section 4791, Rev. Laws 1910, we are required to disregard any errors which do not affect any of the substantial rights of the losing party.

(Syllabus by the Court.)

*Error from County Court, Tillman County;*

*T. E. Campbell, Judge.*

Action by W. R. Bennett against C. W. Jones and D. D. Shofner as individuals, and Jones & Shofner, copartners, composed of C. W. Jones and D. D. Shofner. Judgment for plaintiff, and defendants bring error. Affirmed.

*O. B. Riegel* and *Sam Johnson,* for plaintiffs in error.

*Mounts & Davis* and *Gray & McVay,* for defendant in error.

KANE, J. This was an action for damages for breach of contract, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, individually and as partners. The parties hereafter will be called plaintiff and defendants respectively as they were designated in the court below. The allegations of the petition as to the nature of the contract out of which the controversy arose, are to the effect that the plaintiff and defendants entered into a verbal contract, whereby it was agreed that, if the plaintiff would construct a certain store building in the town of Tipton, Okla., the defendants would agree to rent said store building for one year, in order to run and carry on a hardware business therein, and would agree to give the plaintiff a position in said store as clerk for one year, at a salary of $80 per month. Plaintiff further alleges that, in pursuance of said agreement, he completed said building and performed all the conditions precedent on his part, but that the defendant failed and refused to accept said building and plaintiff's' personal service pursuant to said contract; wherefore he prayed judgment. After a demurrer to the petition had been overruled, the defendants filed an answer consisting of a gen-

eral denial and a specific denial of the existence of a partnership and that said alleged contract was at any time made. After the plaintiff introduced his evidence and rested, the defendants offered no evidence, and the court permitted the plaintiff to amend his petition to conform to the proof; whereupon the plaintiff filed an amended petition, setting forth his entire cause of action in conformity with the relief granted; whereupon the jury returned a verdict for the plaintiff in the sum of $400, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The grounds of reversal as stated by counsel for defendants in their brief are as follows: (1) The court erred in overruling the demurrer to plaintiff's petition; (2) the court erred in refusing to instruct the jury to return a verdict for the defendants; (3) the verdict of the jury is contrary to law and the evidence; (4) the court erred in permitting plaintiff to file an amended petition after plaintiff rested his case; and (5) the court erred in submitting the seventh instruction to the jury.

After the demurrer which was directed against the original petition was overruled, the defendants answered to the merits. Filing a plea to the merits after a demurrer is overruled is a waiver of the demurrer. *G., C. & S. F. Ry. Co. v. Washington,* 49 Fed. 347, 1 C. C. A. 286. As the amended petition, to the sufficiency of which no objection was made, superseded the original petition, the action of the court in overruling the demurrer to the original petition, even if erroneous, could not affect any of the substantial rights of the defendants, and therefore could not be held to constitute reversible error. *Brown v. Brown,* 71 Neb. 200, 98 N. W. 718, 115 Am. St. Rep. 568, 8 Ann. Cas. 632; *Palmer v. Hartford Dredging Co.,* 73 Conn. 182, 47 Atl. 125; *Fidelity, etc., Co. v. Nisbit,* 119 Ga. 316, 46 S. E. 444.

Counsel for defendants in their brief present their second assignment of error as follows:

"We believe that a fair interpretation of the petition is to the effect that the plaintiff intended to set out a cause of action for damages for an alleged breach of a contract whereby the defendant leased a building which plaintiff was about to contract in the new town of Tipton for the period of one year from its

completion and employed plaintiff as a clerk for one year for the sum of $80 per month. * * * The allegation is not that the defendant had rented the building, but that he would agree to rent the same. Our position is that there could be no action against the defendants for breach of the rental agreement so long as the rental agreement had not, in fact, been made."

As we understand the pleadings, the verbal contract related to a future agreement to lease the building, which was to be erected by the plaintiff, for the period of one year, and to employ him as a clerk for the same period, at a stipulated salary per month, and the breach consisted in the refusal of the defendants to enter into the latter agreement. Such a contract is not invalid because not in writing. Counsel continues:

"There is another conclusive reason why the demurrer should have been sustained: The petition on its face shows that the contract sued upon comes clearly within the statute of frauds."

As stated above, the verbal contract is not a contract to make a lease, and to employ the plaintiff, but is a contract based on a valid and independent consideration to make another contract on the happening of a certain event, to wit, the completion of the building by the plaintiff. A contract to make a lease, even though the lease must be in writing in order to conform to the statute of frauds, need not be in writing. *Tillman v. Fuller*, 13 Mich. 122. Moreover, in construing subdivisions 1 and 2 of the statute of frauds (section 941, Rev. Laws 1910), by virtue of which counsel contend that the lease involved herein is void, this court, in a recent opinion, held that subdivision 1 applies to agreements other than those relating to land; and subdivision 5 governs with reference to agreements concerning real estate, and, if such parol agreement is for the lease of real property for a longer period, term, or duration than one year, then it is within the statute of frauds, but, if such parol agreement is for the leasing of real property for the term, duration, or period of one year or less, it does not come within the statute of frauds, regardless of whether the term of lease commenced *in praesenti* or *in futuro*. *Sullivan v. Bryant*, 40 Okla. 80, 136 Pac. 412.

The court below did not abuse its discretion in permitting plaintiff to file an amended petition in conformity with the proof.

Section 5679, Comp. Laws 1909 (section 4790, Rev. Laws 1910); *Willett v. Johnson,* 13 Okla. 563, 76 Pac. 174; *Snyder v. Rosenbaum,* 215 U. S. 261, 30 Sup. Ct. 73, 54 L. Ed. 186.

We have examined the other assignments of error, and find nothing in the record to indicate that any action of the trial court affected any of the substantial rights of the defendants. By section 4344, Wilson's Rev. & Ann. St. 1903 (Rev. Laws 1910, sec. 4791), we are required to disregard any errors which do not affect any of the substantial rights of the losing party. *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 350.

The judgment of the court below is therefore affirmed.

All the Justices concur.