## COLLINS-DEITZ-MORRIS CO. v. ELK CITY MERCANTILE CO.

No. 4701. Opinion Filed June 29, 1915.

(150 Pac. 457.)

1. **FRAUDS, STATUTE OF—Agreements Relating to Land—Operation of Statute.** Subdivision 1, Statute of Frauds (section 941, Rev. Laws 1910), applies alone to agreements other than those relating to land; and subdivision 3 of said section governs with reference to agreements concerning real estate.

2. **SAME—Parol Lease.** A parol lease of real property for a period of one year does not come within the statute of frauds (section 941, Rev. Laws 1910), regardless of whether the terms of the lease commence in praesenti or in futuro.

(Syllabus by Collier, C.)

*Error from District Court, Beckham County;*
*G. A. Brown, Judge.*

Action by the Collins-Deitz-Morris Company, a corporation, against the Elk City Mercantile Company, a corporation. Judgment for plaintiff for less than claimed, and it brings error. Affirmed.

This appeal is prosecuted from a judgment rendered in favor of plaintiff and against the defendant upon an account for goods and merchandise sold. The cause was referred to a referee to find the facts and make conclusions of law, who found and reported that plaintiff was

entitled to recover against the defendant in the sum of $1,440.98, from which should be deducted an allowance of $1,087.99, which included a counterclaim of $800 upon a contract of lease upon a certain part of a building for one year, which was not in writing. The execution of such lease and the terms thereof are admitted. The conclusion of the referee that said $800 was a proper offset was duly objected and excepted to by plaintiff, which said exception was overruled by the court, and judgment rendered in favor of plaintiff in the sum of $419.30 and costs, amounting in all to $551.25. Motion for new trial was filed and overruled, to which the plaintiff duly excepted. From the judgment rendered this appeal is prosecuted. No brief has been filed by defendant in error.

*Wilson & Tomerlin* and *E. E. Buckholts*, for plaintiff in error.

Opinion by COLLIER, C. (after stating the facts as above). It is admitted in brief of plaintiff in error that the sole question involved in this appeal is whether or not "a contract not in writing for one year, to commence in the future, is valid under the statutes of Oklahoma." In the case of *Wickson v. Monarch Cycle Co.*, 128 Cal. 156, 60 Pac. 764, 79 Am. St. Rep. 36, in construing a section identical with section 941, Rev. Laws 1910, it is held that:

"The two subdivisions [1 and 5] are to be read and construed together, and, as so read, a parol lease is valid for one year  *  *  *  from the time it is made."

This holding is in accord with the courts of last resort of Alabama, Illinois, and other states, but in direct conflict with the decisions in New York, Dakota, and other states. In *Sullivan v. Bryant*, 40 Okla. 80, 136 Pac. 412, 49 L. R. A. (N. S.) 819, it is said:

"The reasoning of the California court, and the other courts following that line, does not appeal to us so strongly as that of the New York and Dakota courts, and other courts supporting the later decisions."

In *Higgins et al. v. Gager*, 65 Ark. 604, 47 S. W 848, it is held that:

"According to familiar canons of construction, we are not to conclude that different parts of a statute mean and include the same thing, when they are susceptible of different and independent meanings and may embrace different subjects."

*Sullivan v. Bryant, supra,* follows the above-quoted rule of construction, and holds subdivision 1, "an agreement that by its terms is not to be performed within a year from the making thereof," refers to all contracts other than those embraced in subdivision 5, and that subdivision 5 governs with reference to agreements concerning real estate, and, if such agreement is for a longer period of duration than one year, then it is within the statute of frauds; but if such agreement is for leasing of real property for the term, the duration or period of one year or less it does not come within the statute, regardless of whether the terms of the contract are to commence *in futuro* or *in praesenti*. In *Jones et al. v. Bennett,* 40 Okla. 664, 140 Pac. 148, the construction of said section 941, Rev. Laws 1910, as held in *Sullivan v. Bryant, supra,* is approved and reaffirmed.

It follows that, while the decisions of the courts of last resort are not in harmony, it is settled in this state that an oral contract for the lease of real property for one year, regardless of whether the terms of the lease commence *in praesenti* or *in futuro*, is not within the statute of frauds (section 941, Rev. Laws 1910).

The cause should be affirmed.

By the Court: It is so ordered.