# ROSSITER *et al.* v. CITIZENS' STATE BANK OF MINCO.

No. 5525.   Opinion Filed October 5, 1915.

(152 Pac. 120.)

**FRAUDS, STATUTE OF—Parol Lease.** A parol lease of real property for the period of one year or less does not come within the statute of frauds (section 941, Rev. Laws 1910), regardless of whether the term of the lease commences **in praesenti** or **in futuro.**

(Syllabus by Brewer, C.)

*Error from County Court, Grady County;*
*N. M. Williams, Judge.*

Action by the Ctiizens' State Bank of Minco against Joe Rossiter and others. Judgment for plaintiff, and defendants bring error. Reversed, and new trial ordered.

*Bond & Melton,* for plaintiff in error.

*Barefoot & Carmichael* and *Riddle & Hammerly,* for defendant in error.

Opinion by BREWER, C. This is a suit for the possession of certain farming lands which had been occupied by one of defendants below under a written lease which had expired before the bringing of the suit. His defense was that before the expiration of his written lease

he had made a verbal contract with the owner of the land to occupy same for one year, beginning the 1st of January, and ending the 31st day of December, 1913.

At the conclusion of the evidence the court instructed the jury to find in favor of plaintiff, on the theory that a verbal lease of land for the period of one year, the beginning of the term to be in the future, was void and unenforceable, because of the operation of the statute of frauds. Section 941, Rev. Laws 1910. The defendants below bring this appeal, and allege that the court committed reversible error in so directing the verdict. The point is well taken. It has become the settled law in this jurisdiction, that:

"A parol lease of real property for the period of one year does not come within the statute of frauds (section 941, Rev. Laws 1910), regardless of whether the term of the lease commences *in praesenti* or *in futuro*." *(Jones et al. v. Bennett,* 40 Okla. 664, 140 Pac. 148; *Sullivan v. Bryant,* 40 Okla. 80, 136 Pac. 412, 49 L. R. A. [N. S.] 819; *Collins-Deitz-Morris Co. v. Elk City Mer. Co.,* 48 Okla. 485, 150 Pac. 457; *Turner v. Trail et al.,* 24 Okla. 135, 103 Pac. 575.)

Defendant in error, however, admits that the rule has been so established, and that it is against the action of the trial court, in so far as the statute of frauds is concerned; but it says that, although the trial court may have instructed a verdict in favor of plaintiff, through an erroneous view of the law, yet that, as a matter of fact, and for other reasons, the instruction was right, and that under the facts plaintiff below should prevail. This argument in the brief is based upon the contention that this verbal lease for one year, even though valid under the statute of frauds, is invalid, because it is an

overlapping lease on a restricted Indian's allotment, in contravention of section 29 of the act of Congress approved June 28, 1898, commonly known as the original Curtis Act (30 Stat. at L., p. 507, c. 517), which provides, among other things, that:

"No allottee shall lease his allotment, or any portion thereof, for a longer period than five years, and then without the privilege of renewal."

We strongly suspect that upon a proper development of the facts the verbal lease in controversy would be void and unavailing, because of the legislation just referred to, and especially in the light of the decision by the Supreme Court of the United States in the case of *United States v. Noble*, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844. The trouble with this contention, however, is that the case was not tried on this theory, and therefore the facts, which it is claimed in the brief are true, were not fully nor properly brought into the record. It appears that one of the defendants below was holding the lands under a written lease from an allottee, and it is fairly inferrable that it was a five-year lease, and from the description of said lands we take judicial knowledge that they are in the old Chickasaw Nation. But it is impossible from this record to be able to say what the status of this allottee was at the time. We do not know whether he was a restricted Indian or not. Indeed, from the record, we cannot say that he was an Indian at all; he may have been an intermarried white man, and the lands subject to no restriction. Of course, at a new trial, which will have to be ordered, these facts will doubtless be the subject of inquiry.

It is only fair to counsel who represented plaintiff below to say here that the cases relied upon above as set-

tling the question that a verbal lease for one year or less, to begin in the future, does not come within the statute of frauds, have been decided by this court since the trial of this case below; the question being at that time still an open one.

For the errors pointed out, and to the end that the facts may be fully developed, and the law properly applied, the cause should be reversed, and a new trial ordered.

By the Court: It is so ordered.