SCHWARTZ v. McDANIEL.

No. 33579. Jan. 10, 1950.

*213 P. 2d 568.*

Paul W. Updegraff, of Norman, for plaintiff in error.

Person E. Woodall, of Norman, for defendant in error.

GIBSON, J. This is a forcible entry and detainer action. It was originally brought in the justice of the peace court of the city of Norman by Merle G. Schwartz, by his father and next friend, W. H. Schwartz, against T. O. McDaniel to recover 25 acres of farm land located in Cleveland county.

It is claimed by plaintiff in his complaint that defendant has unlawfully detained the land from him ever since December 31, 1947. Defendant claims the right of possession of the land under an oral rental contract entered into between him and Mrs. Ruby Schwartz.

The trial in the justice of peace court resulted in a judgment in favor of defendant. Plaintiff appealed to the county court where, on trial de novo by a jury, defendant again prevailed.

Plaintiff appeals and, among other things, asserts that the judgment is

not sustained by the evidence and is contrary to law.

The evidence, in substance, shows: On and prior to October 25, 1947, H. J. Schwartz and Ruby Schwartz, husband and wife, were the owners of the land and on that day sold it to the plaintiff herein. The land is located in the N.W. 1/4 of section 25, township 10 north, range 2 west. The evidence is undisputed that defendant had rented the 25 acres of land here involved under oral contract with Ruby Schwartz from 1942 to 1947, inclusive, and that he had rented an additional 25 acres in the same quarter section for the years 1942 to 1946, inclusive, from H. J. Schwartz; that he had then rented in all 50 acres; that he rented the north 25 acres from Ruby Schwartz and the south 25 acres from H. J. Schwartz until the year 1947, at which time H. J. Schwartz refused to rent him the south 25 acres. He, however, rented the north 25 acres from Ruby Schwartz for that year. The controversy here arises over the north 25 acres rented to defendant by Ruby Schwartz. Defendant testified that on August 5, 1947, he entered into an oral contract with Ruby Schwartz whereby she agreed to rent him the 25 acres here in controversy for the year 1948, the term of the lease to begin January 1, 1948, and end December 31, 1948. He testified that the contract was entered into at the home of Mrs. Schwartz. In this respect defendant is corroborated by several witnesses who were present at the time.

Mrs. Schwartz denied that she had rented the land to the defendant for the year 1948. She testified she told defendant that she was trying to sell the land and if it was not sold she would rent the land to him for that year. She, however, admitted on cross-examination that she told plaintiff at the time he purchased the land that she had rented it for the year 1948.

While the evidence is somewhat in conflict as to this issue, it is sufficient to sustain the finding of the jury that Mrs. Schwartz had rented the land to defendant for the year 1948.

Plaintiff contends that even if it be assumed defendant had rented the land from Mrs. Schwartz for the year 1948, since it was an oral contract made on the 5th day of August, 1947, for the term of one year to commence January 1st and end December 31, 1948, it was within the statute of frauds, 15 O. S. 1941 §136, and void. This contention cannot be sustained.

A parol lease of real property for the period of one year to commence in the future is not void as being within the statute of frauds. Rossiter v. Citizens' State Bank, etc., 51 Okla. 625, 152 P. 120; Collins-Deitz-Morris Co. v. Elk City Mercantile Co., 48 Okla. 485, 150 P. 457; Sullivan v. Bryant, 40 Okla. 80, 136 P. 412.

The evidence shows that H. J. Schwartz and Ruby Schwartz were joint owners of the land as tenants in common, each owning a one-half undivided interest therein.

It is the contention of plaintiff that Mrs. Schwartz, being a tenant in common, had no authority by virtue of her tenancy to rent the interest of Mr. Schwartz in the land in the absence of a showing that she was authorized so to do by him as his agent. This is a correct statement of the rule. Howard v. Manning, 79 Okla. 165, 192 P. 358; Bates v. Rogers, Rec., 178 Okla. 164, 62 P. 2d 481.

Plaintiff further contends that the evidence wholly fails to show that Mrs. Schwartz was authorized by Mr. Schwartz to act for him as his agent. While there is no evidence tending to show that Mr. Schwartz had expressly appointed Mrs. Schwartz as his agent to act for him in renting the property, we think the evidence sufficient to show that he, by his acts, conduct and declarations, led defendant to believe that Mrs. Schwartz was authorized to act for him in renting the land and there-

fore there are facts sufficient from which agency may be inferred or implied. In the case of Campbell v. John Deere Plow Co., 197 Okla. 403, 172 P. 2d 319, it was held:

"An implied agency may be established from words or conduct of the parties and circumstances of the particular case, and, while it is more readily inferable from a series of transactions, it may be implied from a single transaction."

The evidence hereinbefore detailed, we think, shows that during the time defendant had been renting the 25 acres of land in controversy, Mr. Schwartz, by his acts, conduct and declarations, led the defendant to believe that she was authorized as his agent to lease the land. Since this is true he will not now be heard to deny that she was so authorized. In the case of Pharaoh & Co. v. Sies, 175 Okla. 614, 55 P. 2d 1009, we said:

"Agency may be implied from conduct of a party and the circumstances in a particular case, and one who leads an innocent party to rely on the appearance of another's authority to act for him will not be heard to deny the agency to that party's prejudice."

The trial court, after instructing the jury that if they found and believed from the evidence that Mrs. Schwartz, for herself and as agent for H. J. Schwartz, on the 5th day of August, 1947, made a lease contract with defendant whereby she leased the land to him for one year beginning January 1 and ending December 31, 1948, the lease would be legal and enforceable, further instructed the jury:

"You are further instructed that if you find from a preponderance of the evidence that the defendant, T. O. McDaniel, has leased said premises and occupied the same for the years 43, 44, 45, 46 and 47, from Ruby Schwartz and which said lease contract was acquiest (sic) in by her husband by permitting the defendant to occupy and farm said premises for said years, then in that event, the parties would be estopped from denying the agency of Ruby M. Schwartz, for and on behalf of her husband."

Counsel for plaintiff in his brief criticizes this instruction. We see nothing wrong with the instruction. In vol. 2, C. J. S. p. 1049, sec. 23, it is said.

"An agency to do a particular act may be implied from the recognition or acquiescence of the alleged principal as to the act done in his behalf by the alleged agent, especially if the agent has previously been permitted to perform acts like the one in question, or from the fact that the alleged principal has acquiesced in, recognized, or adopted similar acts done on other occasions by the assumed agent."

Plaintiff requested the following instruction:

"You are instructed that if you find that Ruby M. Schwartz and Henry J. Schwartz were the joint owners of the premises in question or owned the same jointly as community property and that an oral contract was entered into between Ruby M. Schwartz and the defendant wherein Ruby M. Schwartz orally agreed to rent the property to defendant for the year 1948, that nevertheless unless Henry J. Schwartz, co-owner, agreed to rent the land to the defendant for the year 1948, then the said contract is not enforceable and is of no force and effect and your verdict must be for the plaintiff."

The court denied this request, and we think properly so.

The property in question is not community property. It was acquired by the parties before the effective date of the Community Property Act, Title 32, chap. 1, S. L. 1945. The Act was approved April 28, 1945. The parties became joint owners of the land on the 8th day of October, 1939, each acquiring and owning a one-half undivided interest therein. Since the land was owned by the parties prior to the effective date of the Community Property Act, although acquired by them after marriage, under sections 1 and 2 of the Act, the property remained upon adoption of the Act their separate property in accordance with their re-

spective interests, and constituted their separate property at the time the lease contract was entered into.

The contention of plaintiff that the evidence is insufficient to support the verdict and judgment cannot be sustained.

Judgment affirmed.