## DARNELL v. HUME *et al.*

No. 3397.    Opinion Filed April 28, 1914.

(140 Pac. 775.)

1. **FRAUDS, STATUTE OF**—Verbal Lease—Commencement of Term. A lease or contract of rental, whether in writing or parol, for a period of one year beginning a day in the future is valid.

2. **INDIANS**—Homestead Allotment—Lease—Validity.   A one-half blood Creek Indian making such a lease of her homestead, it is binding and not in conflict with the acts of Congress or those of the state of Oklahoma.

(Syllabus by the Court.)

*Error from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

Action by W. J. Darnell against Harvey Hume and others. Judgment for defendants, and plaintiff brings error.   Affirmed.

This is a proceeding in error from the county court of Tulsa county.   A petition in error was filed in time attached to case-made.   The suit originally was before a justice of the peace for unlawful detainer of the N. E. ¼ of the S. W. ¼ of section 1, township 17 north, range 14 east.   The parties occupy the same

relation in this court that they did in the court below. On the trial of said cause in the county court plaintiff introduced his lease or rental contract between himself and one Henrietta Sarty, who is a one-half blood Creek Indian. This lease, or rental contract rather, was dated the 26th day of November, 1910, to go into effect January 1, 1911, for a period of one year. At the trial this lease was introduced by plaintiff Darnell. Darnell, before taking the lease or rental contract from Henrietta Sarty, examined the records of Tulsa county, but found no record of a lease from her or any other person for the same land. His evidence is, however, that he saw the defendants below, now defendants in error, in possession of said land and using it, but he made no inquiry of them by what right or authority they were holding possession and using the same. On January 4, 1911, he caused notice to be served upon the defendants to vacate the premises and they refused to do so. As said before, he began his action before a justice of the peace, and the judgment of that court was appealed from to the county court.

At the trial in the county court, Henrietta Sarty, the allottee, testified that in 1909, she gave Mr. Weer a five-year lease on the premises, and that Mr. Weer held the land for 1910. Mr. J. E. Weer testified that he had the lease spoken of by Henrietta Sarty for five years and went into possession of said premises for the year 1910 under said lease, and learning his five-year lease was no good because the land was the homestead of the said Henrietta Sarty, she being, as stated, a one-half blood Creek Indian, and desiring to keep the land for the year 1911, he made a new agreement on August 6, 1910, with Henrietta Sarty for the year 1911, and said agreement was written on the back of the former lease, but that the writing was lost; he testifying that it was substantially in the following words:

"Weer, Oklahoma, August 6, 1910.
"It is hereby agreed that J. E. Weer is to have the within land for the year 1911. It is further understood that said J. E. Weer has a right to sub-let the said premises."

Which written agreement was signed by Henrietta Sarty and himself. All this was fully testified to by him, but this was

denied by the allottee. And Weer also testified that he paid her in full, in the presence of the Indian agent, for the year 1911 and obtained a receipt therefor; and, while she testifies in a negative way that she did not sign the receipt herself, yet she does not deny affirmatively that she received the money and goods from Weer as rent, and, also states that the Indian agent decided that Weer was entitled to the land for the year 1911. Under this state of facts, the defendants, who are also tenants of Weer for the year 1910, sub-let from Weer for the year 1911 the premises and were in possession of the same under the subletting from Weer when notice was served upon them by the plaintiff to vacate, which they declined to do. Weer had previously testified that the lease for the year 1911 between him and the allottee was independent of the old lease, and was a separate agreement between them for the year 1911. Hence, this action for forcible entry and detainer. At the trial it was the contention of plaintiff in error that the transaction between Weer and the allottee was a lease for five years and not approved by the Secretary of the Interior, and, therefore, void under the act of Congress of 1908. *Per contra,* the contention of the defendants was, that by the agreement between Weer and the allottee, the lease was made in August, 1910, for one year to begin January 1, 1911.

At the trial, the court instructed the jury, at the instance of plaintiff, that the case was one for the possession of land, and, under the law, the title to the same could not be put in issue, and it was for the jury to decide who is entitled to the possession of the land, and that only, and that the right of possession is the only issue that can be determined. The court further instructed, at the instance of plaintiff, that in order for the plaintiff to recover he must show he had a perfect right to possession in January, 1911, at the time he gave notice to the defendants to quit and deliver possession to him, but in order to recover it is not necessary for the plaintiff to have been in the peaceable possession of the land prior to the bringing of this suit, and all that was necessary for him to show was that he had the right to possession on the day that notice was given by him to the defendants to quit. Further, that if the jury found those facts

under this principle of the law requested by plaintiff's counsel, the verdict should be for the plaintiff. He gave, at the defendants' instance, the following instructions, that should the jury find by a preponderance of the evidence that at the time the plaintiff Darnell took the lease from Henrietta Sarty, upon which he relies for possession, the defendants, or either of them, were in the actual, open, visible, notorious, and exclusive possession of the premises in controversy, then, and in that avent, the plaintiff was bound to inquire of the parties in possession of said premises as to his interest in said property, etc. These instructions were given at the request of both parties and no exceptions reserved to the same.

The verdict of the jury was that the defendants were entitled to the possession of the land, and that they were not guilty. Judgment was entered upon said verdict. Motion for new trial was filed by the plaintiff, heard and overruled, and the case comes here upon the record as substantially stated heretofore.

*J. S. Severson,* for plaintiff in error.

*M. P. Howser* and *W. B. Williams,* for defendants in error.

RUSSELL, J. (after stating the facts as above). It appears to us that the question involved in this case is whether or not the lease entered into between Weer and Henrietta Sarty, the allottee, for one year to commence the first of January, 1911, was a valid agreement for the use of the land for such period. Although the land in question was the homestead of Henrietta Sarty, and she being of the one-half blood, this did not affect her right to enter into an agreement with Weer to lease the premises for the duration of one year. Whether she leased it or not, as testified to by Weer and in a negative way denied by her, was an issue for the determination of the jury. The fact that it was a lease to begin in the future for a period of one year does not affect its validity or the right of the party to make such a lease, as has been determined by this court in several cases, the last expression of the court being in the case of Annie M. Sullivan against R. S. Bryant. This is not a lease for more than one year. It was testified to by Weer that the right to the premises

for one year beginning in January, 1911, was in writing, and, after having shown that the writing was lost, he was permitted to testify orally as to the contents of said writing, and we certainly see no objection to this ruling. The case of *Sullivan v. Bryant, ante,* 136 Pac. 412, is decisive of the issue involved in this case.

We deem it unnecessary to further notice other matters raised in the assignments of error that cannot substantially affect the judgment of the lower court.

The judgment of the trial court is affirmed.

All the Justices concur.