## LONGMEYER v. JONES *et al.*

No. 3807. Opinion Filed July 20, 1915.

Rehearing Denied October 5, 1915.

(151 Pac. 864.)

1. **INDIANS—Allotment—Parol Lease—Validity.** A parol lease for one year, entered into by an allottee of the Five Civilized Tribes affecting his allotment, is a contract in conformity with the acts of Congress relating to the leasing of allotments of the members of the Five Civilized Tribes (Act April 26. 1906. c. 1876. 34 Stat. 137), and is a valid contract.

2. **FRAUDS, STATUTE OF—Parol Lease.** Statute of frauds does not include within its meaning a parol lease contract for one year of real property, whether the term commences in the present or in the future. **Jones et al. v. Bennett,** 40 Okla. 664, 140 Pac. 148.

(Syllabus by McKeown, C.)

*Error from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action by F. J. Longmeyer against J. W. Jones and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*H. A. Ledbetter,* for plaintiff in error.

*J. M. Crook,* for defendants in error.

Opinion by McKEOWN, C. This action for rent and to enforce a landlord's lien was tried in the county court of Bryan county, to which it had been appealed from a justice of the peace court. The cause being tried to a jury and a verdict and judgment being rendered for the defendants in error, J. W. Jones and F. W. Tally, the plaintiff in error, F. J. Longmeyer, brings the cause here for review.

The plaintiff in error relies upon two assignments of error for reversal of this cause: First, because the court erred in refusing to instruct a verdict for the plaintiff.

The plaintiff in error relied upon a written lease contract executed by the guardian of David Byington for a term of five years, commencing March 17, 1910, describing the land the defendant in error Jones cultivated during the year 1910, the rent of which was claimed by the defendant in error Tally.

The lease contract of the plaintiff in error, the plaintiff below, was duly approved by the proper county court. The defendants in error, defendants below, Tally and Jones, denied the right of the plaintiff in error to the premises for the year 1910, and allege that while in possession of the land, on the 29th day of December, 1909, he (Tally) made a parol lease contract for the year 1910 with the guardian of David Byington, and that he then rented the land to the defendant Jones.

At the conclusion of the evidence plaintiff in error moved the court for a directed verdict, which was refused by the court, to which the plaintiff in error excepted.

Plaintiff in error urges that the court erred in refusing to instruct the jury to return a verdict for the plaintiff, on the ground that an allottee of the Five Civilized Tribes was without power to enter into a parol lease contract for one year covering any of his allotment. This claim of plaintiff in error is not well founded, as was determined by this court in *Darrell v. Hume et al.*, 40 Okla. 668, 140 Pac. 775; *Sullivan v. Bryant*, 40 Okla. 80, 136 Pac. 412, 49 L. R. A. (N. S.) 819.

In the Act of Congress providing for the final disposition of the affairs of the Five Civilized Tribes in the Indian Territory, and for other purposes, approved April 26, 1906 (34 Stat. 137), is found the following provision:

"That all leases entered into for a period of more than one year shall be recorded in conformity to the law applicable to recording instruments now in force in said Indian Territory."

It is evident that under this provision the requirement for recording of leases has no application to lease contracts for one year, and, it not being necessary to record such contracts, it follows that it is not necessary to their validity to reduce the same to writing.

A parol lease for one year, entered into by an allottee of the Five Civilized Tribes, affecting his allotment, is a contract in conformity with the acts of Congress relating to the leasing of their allotted lands by the members of the Five Civilized Tribes, and is a valid and binding contract.

The second assignment urged complains of the action of the trial court in admitting evidence of the parol lease contract entered into on the 29th day of December, 1909, for the year 1910, by the defendant in error Tally, on the ground that the same came within the statute of frauds, and for that reason was void.

This assignment is without merit, as was determined by this court in *Sullivan v. Bryant,* and *Darnell v. Hume et al., supra,* and as was also announced by Chief Justice Kane in *Jones et al. v. Bennett,* 40 Okla. 664, 140 Pac. 148:

"A parol lease of real property for the period of one year does not come within the statute of frauds (section

941, Rev. Laws Okla. 1910), regardless of whether the term of the lease commences *in praesenti* or *in futuro.*"

The contract being valid as against both contentions urged by plaintiff in error, the trial court did not err in its instructions.

We therefore recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.