## 10537.   WOODARD *v.* STAMCS & STRATOS.

The sole issue raised by the dispossessory warrant and the counter-affidavit was whether the defendant was holding the premises over and beyond the term of his lease; and no valid defense was presented by his testimony as to an oral promise to give him a new lease, which was never executed.   The court did not err in directing a verdict for the plaintiffs.

DECIDED SEPTEMBER 18, 1919.

Eviction; from Laurens superior court—Judge Kent.   April 5, 1919.

*R. Earl Camp,* for plaintiff in error.

BROYLES, P. J.   1.   The sole issue raised by the dispossessory warrant and the counter-affidavit was whether the defendant was holding the premsies over and beyond the term of his lease.   On this issue the evidence demanded a finding in favor of the plaintiffs, and the court did not err in directing a verdict for them.

2.   The lease under which the defendant held the property expired on January 1, 1919.   The evidence does not authorize a finding that a new lease-contract was made by the parties, but shows merely that in September, 1918, one of the two members of the plaintiff partnership verbally *promised* the defendant that if the defendant would surrender part of the property, *he* would give him a three-year lease after the expiration of the then-exasting lease; and that on the strength of this promise *and the reduction of his rent by $15 per month* the defendant relinquished a part of the property to the partnership.   Conceding that this partner had a right to make such a lease on behalf of the partnership (which right, however, was expressly denied by the undisputed testimony of the other partner), the evidence clearly showed that no actual lease-contract was made, but a mere promise to contract at a future date.   See, in this connection, *Steininger* v. *Williams,* 63 *Ga.* 476 (3).   The defendant himself testified as follows: "I did not continue to use the store under the agreement to lease for three years,

but remained there under the old lease from Sheehan, expiring January 1, 1919; and in giving back the keys and surrendering the corner I was operating under the lease expiring January 1, 1919." Under this ruling the motion for a new trial is without merit.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. I am of the opinion that the surrender by the tenant of a part of the rented premises before the expiration of his lease, in consideration of the verbal agreement of his landlord to lease to him the remaining part of the premises occupied by him and not surrendered, for a period of three years from the date of the expiration of the old lease, and the acceptance by the landlord of such surrender and the actual taking over by him of the part of the premises surrendered by the tenant, constituted a complete contract at the time, to commence in the future, and was not a mere promise to contract at a future date. *Steininger v. Williams*, 63 *Ga.* 475 (1). While this perhaps constituted such a part performance as would take the contract out of the operation of the statute of frauds, yet, being a parol agreement respecting the renting of lands for a period longer than one year, it became, under section 3693 of the Civil Code, a tenancy at will, to commence on January 1, 1919. The tenant could on that date,— the date of the issuance of the warrant to disposses him,—while in possession as a tenant at will, be dispossessed as a tenant holding over. It was error, therefore, to direct a verdict in favor of the landlord.