CARL KOFOID, APPELLEE, v. LINCOLN IMPLEMENT & TRANSFER COMPANY, APPELLANT.

FILED FEBRUARY 6, 1908. No. 15,065.

1. **Statute of Frauds: PAROL LEASE: DIRECTING VERDICT.** Where, in an action of forcible detainer, it appears that the defendant claims possession solely under a parol lease for a longer period than one year from the making thereof, it is proper for the court to direct a verdict for the plaintiff.

2. **Justice of the Peace: APPEAL: PLEADING: AMENDMENT.** The original pleadings in an action pending in the district court on appeal from an inferior court may be amended for the purpose of correcting a clerical error.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*T. J. Doyle,* for appellant.

*Burkett, Wilson & Brown,* contra.

EPPERSON, C.

This is an action of forcible entry and detainer instituted in Lancaster county before a justice of the peace, from whose decision an appeal was prosecuted to the district court, where the plaintiff prevailed upon an instructed verdict. Defendant appeals to this court.

Plaintiff purchased the property in controversy about January 1, 1906, at which time defendant was in possession as tenant under a written lease from plaintiff's grantor. This lease was for one year, ending March 1, 1906, and was assigned to the plaintiff when he purchased the premises. Upon the expiration of the written lease plaintiff served a preliminary notice to vacate, and later instituted this action.

It is contended by defendant that at the time plaintiff bought the property the parties hereto entered into a verbal contract whereby plaintiff leased said premises to the defendant for one year. Plaintiff denies making such agreement, but in our consideration of this issue we assume that plaintiff did by parol agree to lease said premises to the defendant for one year. The controlling fact to be ascertained is the date on which such tenancy was to begin. The defendant's evidence does not fix the time for the beginning of this term. The witnesses, testifying to that fact, say no more than that it was to be for one year. In view of the fact that the written lease was then in force, and there being no evidence that the parties agreed to discontinue it and to substitute a verbal contract therefor, we are bound to conclude that the period of time provided for by the verbal agreement was to begin upon the expiration of the written lease. Another fact clearly indicating that the parties did not intend that the verbal lease should begin at the time it was made is that the same was made prior to the plaintiff's purchase of the property.

The tenancy under the verbal lease beginning at a subsequent time, the contract is void under section 5954, Ann. St. 1903, which provides: "Every contract for the leasing for a longer period than one year from the making thereof, * * * shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made." See *Thostesen v. Doxsee,* 77 Neb. 536.

The bill of particulars, filed in the justice of the peace court, contained an allegation that the said lease "came to an end with the last day of March, 1906." Before trial in the district court the plaintiff was permitted to amend it by inserting the word "first" instead of the word "last" appearing in the above quotation. The defendant objected to the amendment, because it was changing the pleadings and issues upon which the case was tried in the justice of the peace court. The bill of particulars clearly sets forth the terms of the lease, and it is apparent that the issue determined in the justice of the peace court was based upon the rights of the parties as they existed upon the termination of the lease—March 1. This issue was not changed by the amendment. Again, as stated by the trial court, the amendment was simply the correction of a clerical error, and was not prejudicial to the defendant. As we understand the rule, a pleading may be amended in the appellate court where the issues are not changed, and such amendment is the correction of a clerical error.

We recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.