10344

ROBISON v. BARTON.

(102 S. E. 16.)

1. LANDLORD AND TENANT—MERE HOLDING OVER AFTER TERMINATION OF LEASE INSUFFICIENT TO CONSTITUTE TENANCY FROM YEAR TO YEAR.— The mere fact that a tenant may continue in possession after the termination of a year's lease is not in itself sufficient to constitute a tenancy from year to year, since there must be consent or acquiescense on the part of the landlord, or the circumstances must be such as to be susceptible of a reasonable inference that the parties intend a tenancy from year to year.

2. LANDLORD AND TENANT—REASONABLE NOTICE ONLY NECESSARY TO TERMINATE TENANCY FROM YEAR TO YEAR.—In order to terminate a tenancy from year to year the law only requires reasonable notice.

Before TOWNSEND, J., Richland, Summer term, 1919. Reversed.

Action by Lena Robison against G. M. Barton. Judgment for defendant, and plaintiff appeals.

The order of the Circuit Judge and the plaintiff's bill of exceptions, referred to in the opinion, are as follows:

This is an appeal in a special proceeding under Civil Code 1912, sec. 3509, to eject the defendant from a residence No. 1203 Woodrow street, in Melrose Heights, a suburb of Columbia, on the ground that he is a tenant of the plaintiff, holding over after expiration of his lease. The uncontradicted evidence shows that defendant is the tenant, holding said house under plaintiff as landlord; that he entered upon

said tenancy under a written lease for one year, ending October 17 or 21, 1917, at an annual rental of $240, payable $20 per month. He held over after the expiration of this term and continued to pay the rent monthly. On August 1, 1918, plaintiff, by her agent, notified defendant to vacate the leased premises on or before September 17, 1918, and he refused, but continues to pay the rent in monthly installments. On April 14, 1919, plaintiff again notified defendant to quit, and on the 21st or 22d of May, 1919, commenced this proceeding under the statute above cited. The defendant contends that he is entitled as tenant from year to year to hold until the end of this calendar year.

I find from the evidence that after the expiration of the year specified in the written contract, under which he entered as tenant, defendant held over as tenant from year to year (*Dorrill v. Stephens,* 4 McCord 59; *State ex rel. Sawyer v. Fort,* 24 S. C. 515, 521; *Wilson v. Rodeman,* 30 S. C. 210, 214, 8 S. E. 855; *Laurens Tel. Co. v. Enterprise Bank,* 90 S. C. 50, 57, 72 S. E. 878), and the notices given in August, 1918, to vacate in September, 1918, and in April, 1919, were neither sufficient to terminate his tenancy. To terminate defendant's tenancy the notice should have been given three months before the end of the calendar year (*Godard v. S. C. R. R. Co.,* 2 Rich. Law 346, 350; *Floyd v. Floyd,* 4 Rich. Law 23; *Wilson v. Rodeman,* 30 S. C. 210, 214, 8 S. E. 855), and should have specified the end of the calendar year as the time for the termination of the tenancy (*Arbenz v. Exley, Watkins & Co.,* 57 W. Va. 580, 50 S. E. 813, 4 Ann. Cas. 625, 627, and note on page 628). The notice to quit in September, 1918, or in May, 1919, on an intermediate day was insufficient. *Grace v. Michaud,* 50 Minn. 139, 52 N. W. 390; *Right v. Darby,* 1 T. R. 159; *Sanford v. Harvey,* 11 Cush. (Mass.) 93.

It is, therefore, ordered, adjudged, and decreed that judgment of the magistrate's Court be, and hereby is, reversed, and the proceedings dismissed.

Exceptions. 1. That his Honor erred in finding that the tenancy under the written contract ended October 17 or 21, 1917, because there is no evidence to support the same, and the uncontradicted testimony shows that the contract of lease ended on September 21, 1917.

2. That his Honor erred in finding from the evidence "that after the expiration of the year specified in the written contract under which he entered as tenant, defendant held over as tenant from year to year," because:

(a) The defendant had not remained on said premises for one year after the expiration of the written contract at the time he received notice from the plaintiff, through her agent, to terminate the tenancy.

(b) Because at the time the defendant received notice to terminate his tenancy in August, 1918, he was not a tenant from year to year, and had not acquired the rights of a yearly tenant.

3. That his Honor erred in finding and ruling: "And the notices given in August, 1918, to vacate in September, 1918, and in April, 1919, were neither sufficient to terminate his tenancy. To terminate defendant's tenancy, the notice should have been given three months before the end of the calender year * * * and should have specified the end of the calendar year as the time for the termination of the agency," because:

(a) A year had not expired from September 21, 1917, the end of the original lease, at the time notice to terminate tenancy was given.

(b) The defendant not having acquired a yearly tenancy, the notice given in August, 1918, was sufficient and prevented defendant from acquiring the rights of a yearly tenant, and, therefore, notice in April, 1919, was also sufficient.

(c) It was not necessary to give notice three months before the end of the calendar year, or to specify the end of

the calendar year as the time for the termination of the tenancy, because the yearly tenancy did not commence with the calendar year.

4. That his Honor erred in finding, adjudging, and decreeing that the judgment of the magistrate's Court be reversed, and the proceedings dismissed, because, under all the evidence and the facts in the case, and under the law, the tenancy of defendant had expired and plaintiff was entitled to possession of her premises.

*Mr. D. W. Robinson,* for appellant, submits: *The tenant must have held under an agreement indefinite as to time for more than year before he acquires the rights of a tenant from year to year:* 66 S. C. 170; 44 S. C. 459-60; 30 S. C. 213; 24 S. C. 514; 90 S. C. 58; 60 S. C. 400; 107 S. C. 282. *The law as to tenancy from year to year rests in a presumption in cases where there is no express contract, or where the express contract is oral and void under the statute as being for more than one year; the presumption taking the place of the absence of evidence:* 90 S. C. 58; 4 McCord (15 S. C. L.) 59; 2 Rich. 348-9 (31 S. C. L.). *The only law requiring three months' notice prior to the end of the calendar year, is applicable to those cases where it is a tenancy from year to year, and the Court has established the end of the year as the time for termination of it, and the law has fixed, either with regard to agricultural purposes, or the local custom of the place, three months as a reasonable time to give notice:* 4 Rich. (38 S. C. L.) 27; 2 Rich. (31 S. C. L.) 248-9. *The tenancy in this case was either a tenancy at will, which could be terminated on reasonable notice:* 90 S. C. 58; 60 S. C. 400; *or it was a tenancy for one year from September 21, 1917, and terminated on September 21, 1918:* 2 Rich. 348-9 (31 S. C. L.).

*Mr. James H. Hammond,* for respondent.

January 26, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts herein are stated in the order of his Honor, the Circuit Judge, which will be reported, together with the plaintiff's exceptions.

The following is a summary of the contract between the plaintiff and the defendant, out of which the controversy arose:

"This is a contract between G. M. Barton, seller, and Lena Robison, purchaser, dated August 21, 1916, for the purchase of the house and lot on Woodrow street, Melrose Heights, at the price of $2,250, of which $25 was paid the date of the contract, balance to be paid 30 days from date on execution of good title.

"The contract further provides: It is understood and agreed that the owner is to have one year lease on place at $20 per month, making $240; $200 to be deducted from selling price, which is $2,250, leaving $2,050 to be paid as above, two last months' rent of year's lease to be paid at the end of each month."

The defendant executed a deed of the house and lot to the plaintiff on the 21st of September, 1916.

Unquestionably the lease was only for a year. The mere fact that a tenant may continue in possession after the termination of his lease is not, in itself, sufficient to constitute a tenancy from year to year.

There must be consent or acquiescence on the part of the landlord, or the circumstances must be such as to be susceptible of a reasonable inference, that the parties intended a tenancy from year to year. *Matthews v. Hipp,* 66 S. C. 162, 44 S. E. 577.

The testimony in the case does not make the same impression upon us as it did upon his Honor, the Circuit Judge. It appears to us that the only reasonable inference from the

testimony is that the plaintiff did not, by implication or otherwise, consent or acquiesce in a tenancy from year to year.

Unless there was a tenancy from year to year, the plaintiff was not bound to wait until the end of the calendar year before ejecting the defendant under proper proceedings. *Floyd v. Floyd,* 4 Rich. 23.

The ruling of his Honor, the Circuit Judge, that, in order to terminate a tenancy from year to year, it was necessary to give three months' notice, before the end of the calendar year, was reversible error The law only requires reasonable notice. *Jones v. Garlington,* 44 S. C. 533, 22 S. E. 741.

Reversed.