19282

B. Kenneth TOWNSEND, Jr. and John Abney Townsend, Respondents,
v. George W. SINGLETON, Appellant

(183 S. E. (2d) 893)

William Douglas Gray, of *Watkins, Vandiver, Kirven, Long & Gable,* Anderson, *for Appellant,* cites:

*John A. Townsend, Esq., of* Suitland, *for Respondents,* cites:

September 1, 1971.

Moss, Chief Justice.

B. Kenneth Townsend, Jr., and John Abney Townsend, the respondents herein, instituted this action on November 11, 1969, against George W. Singleton, the appellant herein, for the breach of contract and lease agreement, alleging that they were entitled to recover rent in arrears and damages to leased premises.

It is alleged in the complaint that the respondents on September 27, 1963, entered into a contract and lease agreement whereby the appellant leased a parcel of land for a period of five years commencing on October 1, 1963, and terminating on October 1, 1968, at a rental of $90.00 per month. It is further alleged upon the expiration of the

foregoing lease, a new lease agreement was entered into by the parties, covering the same premises, for a period commencing on November 1, 1968 and expiring on February 1, 1969 at a rental of $150.00 per month. This second lease provided that the appellant would vacate the premises on February 1, 1969, and comply with the provisions contained in paragraph eight of the original lease, which was as follows:

"It is further understood and agreed that by virtue of the type and kind of manufacturing operations presently conducted by the Lessee, that there has been and probably will continue to be certain deleterious substances and rubber waste materials deposited upon a portion of the surface of the land hereby rented, and it is expressly agreed by and between the parties that George W. Singleton, the Lessee, upon the termination of the Lease for any cause, will remove or will cause to be buried at a reasonable depth below the surface all such deleterious substances, rubber waste materials or otherwise which may have been discharged upon the surface of the said land."

It is further alleged that the appellant continued to hold over and remain in possession of the leased premises. It is further alleged that due to such holding over, the appellant is due and owing the respondents the sum of $1,200 for rent in arrears. It is further alleged that the appellant failed to comply with the provisions of paragraph eight of the original lease, hereinabove quoted, and his failure in this respect caused the respondents damage in the amount of $2,000. It was further alleged that the respondents have incurred and are entitled to recover attorneys' fees in the amount of $800.00, by reason of the breach of the contract and lease agreement by the appellant.

The answer of the appellant, in so far as the issues on this appeal are concerned, was a general denial.

This case came on for trial before the Honorable Frank Eppes, Presiding Judge, without a jury. The testimony was taken and on May 25, 1970, the trial judge, based upon

his findings of fact and conclusions of law, granted judgment in favor of the respondents in the amount of $2,486.00 made up as follows: recovery for use of property, $1,500; recovery for contractual damages to property, $50.00; recovery for tortious damages to property, $136.00; and punitive damages (attorneys' fees) $800.00. The appellant prosecutes an appeal to this court from said order.

This action was one at law and was, by agreement, tried by the judge without a jury, and his findings of fact have the same force and effect of a jury verdict upon the issues, and are conclusive upon appeal when supported by competent evidence. *Beheler v. National Grange Mut. Ins. Co.,* 252 S. C. 530, 167 S. E. (2d) 436. We consider the exceptions in the light of this rule.

It appears from the testimony that the respondents own a tract of land containing eighteen acres and the lease by the respondents to the appellant covered approximately three acres thereof. It appears that the appellant has occupied the leased premises for a number of years under successive rental and lease agreements. When he first leased the premises there was located thereon a residence, which he occupied as a home, and a garage in which he conducted his leather processing business. Thereafter the appellant, in connection with his business, placed upon the leased premises a quonset hut, an office building, and a shop building in which he installed his machinery for processing leather. The machinery was placed and installed on either a concrete floor or concrete blocks. The appellant, in order to facilitate truck travel, placed several loads of gravel upon the driveways leading to his plant. Waste material from the leather processing operation was poured on the gravel driveways so trucks would not mire down. The appellant testified that in January of 1969 he, in preparation for vacating the leased premises, had the waste material removed from the premises.

It is undisputed that on January 16, 1969, the appellant vacated the residence house and surrendered the possession

thereof to the respondents and shortly thereafter the respondents' agent entered the vacated house and commenced repairing and refurbishing same.

It is admitted that the appellant paid the agreed rental for the months of November and December 1968, and January 1969, as was provided in the lease agreement. Even though the last lease agreement expired by its own terms on February 1, 1969, the appellant paid to the respondents the sum of $150.00 as rent for the month of February 1969 and such was accepted by them. It further appears that some time after June 15, 1969, one of the respondents demanded of the appellant the rent for his occupancy of the premises and that he comply with his obligation under the terms of the lease. The demand was refused.

The appellant, in his own testimony, admitted that he moved the first of his two buildings from the leased premises about the middle of May, 1969, and that he continued to use the premises for his manufacturing operations until the middle of July, 1969.

John A. Townsend, one of the respondents, testified that he visited the leased premises in mid June of 1969 and there found the appellant's quonset hut, various materials and supplies, various timber, refuse and hardened rubber waste materials on the ground adjacent to the manufacturing area; two broken well caps and the fence surrounding the lot was down in several places. This witness also testified that he revisited the premises immediately prior to the trial on January 20, 1970, and found the area to be in approximately the same condition as it was when he visited the premises in June of 1969, except the quonset hut was gone.

James H. Wade, Jr., called as a witness in behalf of the appellant, testified that he visited the leased premises in September of 1969, and he found that a part of the quonset hut had not been removed and that the foundation for one of the machines inside the garage had not been removed.

He further testified that there was some question as to whether or not the substance he found on the ground should be removed. Upon a revisit to the premises, about six weeks later, the witness found that the remains of the quonset hut had been removed but the base for the machine was still there. He also stated that the waste materials had not been removed or buried.

One Robert B. Davis, who was engaged in landscaping and the construction of houses, testifying in behalf of the respondents, said he visited the area where the appellant had carried on his leather processing operation. This witness testified in detail as to what he found on the premises and gave as his opinion, that it would cost $480.00 to clear the area by removing the debris therefrom and making necessary repairs to the pump and fences.

The appellant testified, without objection, that he offered to pay $20.00 per month as rent for the leased premises through September of 1969, rather than the $150.00 per month provided for in the lease, and cited as his reason that he had vacated and was not occupying the residence thereon.

The first question to be determined is whether the trial judge erred in concluding that the appellant was a holdover tenant for three consecutive three month periods under the same terms and conditions as were contained in the previous lease between the parties which expired on February 1, 1969.

The general rule was, prior to the enactment of Section 41-1 *et seq.* of the Code, that where a tenant holds over after the expiration of the term provided for in his lease, with the consent of the landlord, a new tenancy arises to which the provisions of the expired lease are applicable. 49 Am. Jur. (2d), Landlord and Tenant, Section 1133, P. 1084; *Dorrill v. Stephens,* 4 McCord 59; *Fronty v. Wood,* 2 Hill 367; and *National Bank of S. C. v. People's Groc. Co.,* 153 S. C. 118, 150 S. E. 478.

The General Assembly of this State, in 1946, passed an Act defining the law relative to landlord and tenant and pro-

viding remedies in relation thereto. This Act is codified in Section 41-1 *et seq.* of the 1962 Code of Laws.

In Section 41-62 it is provided:

"When there is an express agreement, either oral or written, as to the term of the tenancy of a tenant for term or for years such tenancy shall end without notice upon the last day of the agreed term."

Section 41-54 provides:

"When a person enters upon or uses the premises of another without agreement or without the permission of the owner or by trespass the owner may at his option waive such tort and treat and deem such person a tenant at will. In such case the landlord shall have and be entitled to a reasonable rental for the use and occupation of such premises and all remedies for the enforcement of his rights in respect thereto as in other cases of tenancy at will."

Section 41-1(3) provides:

"Every person other than the owner of real estate, excepting a domestic servant and farm laborer, using or occupying real estate without an agreement, either oral or in writing, shall be deemed a 'tenant at will'."

It is provided in Section 41-64 that all tenants at will shall vacate the premises occupied upon twenty days written notice.

It is the position of the appellant that he was a tenant at will within the meaning of the quoted statutes and was not a tenant for three successive three-month terms under the same provisions and conditions of the three months lease that expired on February 1, 1969 and the respondents would be entitled only to a reasonable rental for the premises occupied by him after March 1, 1969.

Admittedly, the three months written lease expired on February 1, 1969 and, by oral agreement, the appellant occupied the rented premises during the month of February 1969, for which an agreed rental was

paid. After such termination, one continuing to occupy the premises, absent a new agreement, express or implied, comes squarely within the definition of a tenant at will. After February of 1969 the appellant was clearly a person occupying and using the real estate of the respondents without an agreement. As such, the statutes above quoted declare his status to that of a tenant at will and thereby abrogates the common law rule stated in the case of *National Bank of S. C. v. People's Groc. Co.,* 153 S. C. 118, 150 S. E. 478. See also 49 Am. Jur. (2d) Landlord and Tenant, Sections 1137 and 1138, and the annotation in 152 A. L. R. 1395.

It follows that the trial judge was in error in finding that the appellant was a holdover tenant bound by the terms of the prior lease. The statutes to which we have referred make no exception, in case of a tenant holding over, to the provision that a tenancy terminates on the last day of the term.

In view of what we have said, we must remand this case to the lower court for the purpose of ascertaining a reasonable rental for the premises occupied by the appellant after March 1, 1969.

It was provided in the original lease that upon the termination thereof, that the appellant would remove or cause to be buried all deleterious substances and rubber waste materials which may have been discharged upon the surface of the leased premises. It was provided in the second lease that if the foregoing obligation was not met by the appellant, the monthly rental rate should continue for such reasonable time as the respondents could arrange to have the deleterious substances and rubber waste materials removed from the said premises at the expense of the appellant.

It appears from the evidence that the appellant did not remove the waste materials from the leased premises at the termination of the lease. The trial judge awarded judgment to the respondents in the amount of $50.00, that being the cost of the removal of the waste materials left upon the leased premises and, in addition thereto, found that two months

was a reasonable period for the respondents to arrange to have the property cleared of the waste materials and accordingly, for this reason, awarded them an additional two months rent at $150.00 per month. The appellant challenges this ruling on the ground that two months was an unreasonable length of time for the respondents to arrange to have the waste materials removed from the premises, particularly in view of the conclusion that the cost of such removal was only $50.00.

In view of the contention made by the appellant, it becomes necessary to determine whether or not two months was a reasonable time within which the respondents could arrange to have the waste materials removed from the leased premises. The expression "reasonable time" has no precise definition but what constitutes such depends entirely on the facts and circumstances of each particular case.

One of the respondents testified that upon the termination of the lease with the appellant that they intended to sell the property and not to lease or rent under any conditions to any person. It follows that the respondents lost no rent by reason of the waste materials remaining upon the premises. Likewise, there is no testimony of the loss of any sale of the property because of the presence of the waste materials upon the premises. There is no testimony on behalf of the respondents that they at any time attempted to arrange to have the waste materials removed, nor the length of time it would take to accomplish the removal thereof. The respondents seek to excuse themselves from not promptly having the waste material removed on the ground that both of them were residing outside of the State of South Carolina. The respondents have offered no evidence tending to show that they were in any manner damaged by reason of the waste materials remaining on the premises after the termination of the lease.

It is our conclusion that the trial judge was in error in allowing the respondents to recover rent for two months

after the expiration of the lease and in holding that such was a reasonable time for the respondents to arrange to have the waste materials removed from the premises. What was a reasonable time under the circumstances will be a question for determination upon a retrial of this case. Since the written lease terminated on February 1, 1969, and the oral rental agreement expired on March 1, 1969, it appears that this provision of the lease became inoperative after the expiration of a reasonable time from March 1, 1969.

The next question for determination is whether there was any evidence to sustain the trial judge's finding that there was tortious damage to the leased premises by the appellant. We find no evidence to establish such. It follows that the trial judge was in error in allowing such.

The respondents take the position that they have been damaged because they incurred the expense of employing attorneys to prosecute this action in their behalf. The trial judge awarded the respondents' attorneys' fees in the amount of $800.00. The appellant alleges that this was error and that attorneys fees are not recoverable as an item of damage in the absence of contractual or statutory liability therefor.

The contract between the parties contained no provision for the payment of attorneys' fees in the event of a breach thereof. Likewise, we have no statute permitting the recovery of attorneys' fees for the breach of a landlord and tenant contract.

We have held that recoverable damages do not include the expense of employing counsel except when so provided for by contract or statute. *First Nat. Bank of Chillicothe v. McSwain,* 93 S. C. 30, 75 S. E. 1106; *United States Rubber Co. v. White Tire Co.,* 231 S. C. 84, 97 S. E. (2d) 403 and *Rimer v. State Farm Mut. Auto Ins. Co.,* 248 S. C. 18, 148 S. E. (2d) 742.

The respondents argue that the $800.00 award, while designated by the trial judge as attorneys' fees, was an award, in fact, of punitive damages.

This brings us to the question of whether awarding of punitive damages could properly be made in this case. We think not. The respondents in their complaint did not allege or claim that the appellant was guilty of any malicious conduct nor, have they offered any proof of any such conduct. It follows that the trial judge was in error in awarding attorneys' fees to the respondents. He should have held, under the facts of this case, and under the rule above announced, that the respondents were not entitled to recover attorneys' fees.

The trial judge awarded $50.00 as the cost for the removal of the waste materials from the leased premises. We find no evidence in the record fixing the cost of the removal of the waste materials at this figure. There is no evidence that the respondents incurred any expense for this purpose.

The judgment of the lower court is reversed and this case remanded thereto for a new trial in conformity with the views herein expressed.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.