21475

Claude W. GHEEN, Appellant, v. Larry W. GHEEN and Bonnie R. Gheen, Respondents.

(279 S. E. (2d) 361)

*W. Paul Culbertson,* of *Culbertson, Whitesides & Turner,* Laurens, *for appellant.*

*W. H. Nicholson,* of *Nicholson & Nicholson,* Greenwood, *for respondents.*

June 2, 1981.

HARWELL, Justice:

Claude W. Gheen appeals the decision of the circuit court judge holding him liable to respondents Larry W. and Bonnie R. Gheen for improvements the respondents made to his house. He also disputes the rental value award made to him for use of the premises by the respondents, the denial of payment for a truck and a partial assessment of costs against him.

This involves a falling-out between a father and his son. It appears that sometime about 1974, appellant planned to retire from the operation of his fish bait business and his motel business. Both were operated on property adjacent

to Lake Greenwood and appellant's house served as his motel business office as well. At this same time, respondent Larry Gheen was apparently dissatisfied with his employment in North Carolina. As a result of a series of visits and meetings, appellant and the respondents reached an agreement whereby the respondents would operate appellant's motel business for him in return for which they were given operation of the bait business for their own profit as well as residency of the house.

As a further agreement, the parties executed a "lease agreement and option to buy" on the house covering one year from October 30, 1974. Respondents were to pay $100 rent per month with a right to purchase the property on exercise of the option.

The business relationship among the parties proved unsatisfactory. Appellant felt that the respondents were not operating the motel business in the most profitable manner. The respondents in turn felt that appellant was interfering in their affairs. An arrangement to include respondents in certain of the motel profits did not erase the underlying friction which sparked out from time to time.

The respondents meanwhile went to considerable expense in improving the rather modest house for their family. The house was moved off the highway right-of-way and increased in size from approximately 1,100 square feet to approximately 2,750 square feet. All of the improvements were done with appellant's knowledge and apparent acquiescence. No attempt was made to stop the work despite the fact that appellant lived nearby. Indeed, the parties treated the house as respondents' residence even though the option was never exercised.

The spark which ignited the confrontation between father and son occurred on April 18, 1978. Again, management of the motel was the source of contention. Heated words were exchanged. The son then gave the keys to the motel

business to the father telling him to operate it. This effectively terminated the contract. Nevertheless, the respondents continued to live and work on the premises.

Appellant brought an action for return of the house and his bait business with all related equipment. He also sought reimbursement for a truck, monies representing the rental value of the house and an accounting for bait profits for the period following the contract break. Respondents counterclaimed seeking, *inter alia,* the value of their improvement to the house.

By agreement of the parties, the matter was referred to a special referee. The referee awarded possession of the house to appellant as well as return of the bait business and the truck. An accounting was made for the period requested to the time of the referee's report. Rental monies were found due. Costs were assessed against respondents.

Both sides appealed to the circuit court. The trial judge confirmed the referee's report in part, adopting the award of possession, the return of the truck and the accounting. Significantly, the adoption of the accounting amount was not adjusted for retention by the respondents of the bait business pending the circuit court appeal. Rental value monies found due were simply a carry-over of the original amount set by contract. In addition, judgment was granted to respondents for improvements made to the rented premises. The costs were divided between the parties.

We note initially that since the special referee and the circuit court judge are in disagreement as to findings, we will make findings in accord with our view of the preponderance or greater weight of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Price v. Derrick,* 262 S. C. 341, 204 S. E. (2d) 389 (1974). After careful assessment of the evidence and arguments before us, we affirm in part, modify in part and remand for a further accounting.

Appellant challenges first the judgment for improvements awarded to respondents, contending that the betterment statutes set forth at Sections 27-27-10 *et seq.*, Code of Laws of South Carolina (1976), would govern the situation and bar the judgment. We disagree. The betterment statutes are addressed to disputations of title in real property. The situation here is that of landlord and tenant. We find this case controlled by our decision in *Coggins v. McKinney*, 112 S. C. 270, 99 S. E. 844 (1919), which held that a tenant who in good faith makes improvements to the leasehold, with knowledge and consent of the lessor, with the intent of enjoying them in the event he becomes the owner, is entitled to reimbursement for the value of his improvements to the estate.

The only remaining point for discussion on this issue is whether the judgment amount was a reasonable one. The judgement was for $17,517.70 which was the actual out-of-pocket expenditure made by respondents. While out-of-pocket or actual expense is not synonymous with the value of improvements made, its use as a figure when all the facts and circumstances have been considered is not necessarily unreasonable. We find the figure awarded here to be reasonable, having considered the magnitude of improvements made and the fact that respondents contributed their labor to the construction and have not sought recovery for its value.

The appellant next argues that he is entitled to rents from October, 1975, when the written lease expired. We disagree; we find him entitled to reasonable rentals subsequent to the contract termination.

The parties, even during the time of the written lease, had an understanding that tendered rental payments would be endorsed and reinvested in the business. The $100 per month rental arrangement continued in this manner until termination of the contract in April, 1978. Thereafter, the

May, 1978 tender of rent was refused by appellant. The circuit court judge found that a continuation of the rental amount as first set by contract would represent a reasonable compensation to appellant for the use of his premises. We cannot fully agree with this finding.

It is clear that once the contract terminated and appellant refused tender of the rents, respondents possessed the premises as tenants at will. *Townsend v. Singleton*, 257 S. C. 1, 183 S. E. (2d) 893 (1971). See, Sections 27-33-10(3) and 27-35-40 of the Code. As such, appellant thereafter was entitled to the reasonable rental value of his house.

During the hearing below, respondent Larry Gheen admitted that the rental value of the house subsequent to its improvements was at least $200 per month. Since the improvements were substantially made prior to the contract termination, we conclude that respondents should be assessed the then reasonable rental value of $200 per month for their continued occupancy of the house from May, 1978 until such time as they vacated the premises. It would be inequitable to assess appellant the costs for improvements to his property but deny him adequate compensation for the use of his improved property.

The appellant urges that the accounting and judgment rendered for profits retained by respondents is inadequate. We agree. He was entitled to assurance that the accounting would be kept current. We therefore remand on this issue for a determination of profits from the bait business to which appellant is entitled. The period involved covers from the date of the special referee's report to such time as respondents relinquished control of the business to appellant.

Appellant's contention that he is entitled to payment for a truck used in the bait business is without merit since he admitted that he merely let respondents use the truck. No sale of the vehicle has been shown.

410

Appellant's argument that the circuit court judge erred by dividing costs is without merit. No abuse of discretion has been shown. Both parties recovered in this matter to some extent.

Appellant's final argument that a receiver should have been appointed is rendered moot by our treatment of the foregoing issues..

Affirmed in part; modified in part; and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.